Daniel W. HELLRIEGEL, a minor, by his father and next friend, Cecil N. Hellriegel, Plaintiff,

v.

SEARS ROEBUCK & CO., a corporation, Newark Stove Company, a corporation, and Power Products Corporation, a corporation, Defendant.

No. 56 C 1843.

United States District Court
N. D. Illinois, E. D.

Dec. 23, 1957.

Lewis L. Root and Meyer S. Miller, Chicago, Ill., for plaintiff.

Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendants Sears Roebuck & Co. and Newark Stove Co.

Pretzel, Stouffer & Nolan, Chicago, Ill., for defendant Power Products Corp.

CAMPBELL, District Judge.

Plaintiff Daniel W. Hellriegel, a minor, has filed this action in the Circuit Court of Cook County, Illinois, against defendants Sears Roebuck & Co., a New York corporation, Newark Stove Company, an Ohio corporation and Power Products Corporation of Wisconsin.

Defendants have removed the action to this Court on the ground that diversity of citizenship exists.

Plaintiff alleges that he has suffered personal injury as a direct result of defendants' negligence in the manufacture and sale of a "Craftsman" power lawn mower; that defendants Newark Stove Company and Power Products Corporation, through careless design, manufacture and assembly, caused the lawn mower in question to be inherently dangerous; and that all three defendants permitted such dangerous article to reach plaintiff without warning him of its character.

Defendants Newark Stove Company and Power Products Corporation have filed motions to quash service of summons.

The affidavits filed by Newark Stove and Power Products in support of their motion may be summarized as follows:

Newark Stove Company does not own or operate any manufacturing plant, office, sales force or other facility within the State of Illinois. All sales of power mowers by Newark to Sears Roebuck & Co. are made f. o. b. Newark, Ohio. Newark relinquishes all title and control of such mowers upon delivery to Sears Roebuck & Co. in Newark, Ohio. Newark does not service or assemble the mowers after they are sold to Sears Roebuck & Co. Payment for the mowers is made by Sears Roebuck & Co. at Newark, Ohio. Representatives of Newark come to Illinois two or three times a year to discuss purchase of lawn mowers with Sears Roebuck & Co. at its home office in Chicago, Illinois, and oral contracts for the purchase and sale of the mowers are entered into during those visits.

Power Products Corporation has no contacts with the State of Illinois except through the lawn mowers manufactured or assembled by Newark. Power Products manufactures and supplies Newark with power units for the mowers. The last contact it has with its units is in Wisconsin when they are picked up by a delivery firm for delivery to Newark.

Newark Stove Company and Power Products Corporation were served with summons, issuing out of the Circuit Court of Cook County, Illinois, at their respective places of business in the States of Ohio and Wisconsin, pursuant to Sections 16 and 17 of the Illinois Civil Practice Act (Ill.Rev.Stat., 1957, Ch. 110, paras. 16 and 17).

It may be noted at the outset that, since process in this case issued out of the State Court, there is here no problem in the interpretation of Rules 4(d) (3) and 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (see Giffin v. Ensign, 3 Cir., 234 F.2d 307; Holbrook v. Cafiero, D.C., 18 F.R.D. 218, 225.) It is not disputed that the service of summons complied, as to the mode of its making, with the provisions of Sections 16 and 17, and I have no doubt that had it issued out of this Court it would have been effective in this respect under Rule 4(f), notwithstanding Rule 4(d) (3).

Defendants Newark Stove and Power Products do not dispute that the question of personal jurisdiction in a diversity action must be tested by state law (see Haas v. Fancher Furniture Company, D.C., 156 F.Supp. 564). Indeed, where a case has been commenced in a State Court and has subsequently, after service of process, been removed to the Federal Court, it is difficult to see how the answer could be otherwise.

However, Newark Stove and Power Products contend that Sections 16 and 17 of the Illinois Civil Practice Act do not give this Court jurisdiction over their corporate "persons" because plaintiff's cause of action arose prior to the effective date of Sections 16 and 17; because Sections 16 and 17 cannot be read to authorize out of state service upon them in this case; and because, if interpreted to authorize such service, the provisions would be unconstitutional as applied.

On the first point, I must accept the statutory interpretation given to Sections 16 and 17 by the Supreme Court of Illinois in Nelson v. Miller, 11 Ill.2d 378,

143 N.E.2d 673, making their authorization for out of state service applicable to all actions pending on, or commenced after, their effective date without regard to the date when the cause of action arose. And I accept also the Court's view that such interpretation of Sections 16 and 17 does not do violence to any constitutional requirement.

■ Section 16 authorizes service outside the State upon any person "who has submitted to the jurisdiction of the courts of [Illinois]," and prescribes the manner of such service. Section 17, so far as material here, provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;

"(c) The ownership, use, or possession of any real estate situated in this State;

"(d) Contracting to insure any person, property or risk located within this State at the time of contracting."

It is clear that only paragraph (b) has application to the facts alleged in the complaint and disclosed by the affidavits in this case. Although representatives of Newark Stove Company come to Illinois two or three times a year and enter into oral contracts regarding the sale of lawn mowers while here, plaintiff's cause of action against Newark does not arise from those contracts but sounds in tort. Compare, Haas v. Fancher Furniture Company, D.C., 156 F.Supp. 564.

In the context of this case, the sole significant contact of defendants Newark Stove and Power Products within the State of Illinois is through the lawn mower sold to Sears Roebuck & Co. and resold by the latter to plaintiff's father—the lawn mower which caused plaintiff's injury in this case. The injury occurred within this State. The question, therefore, is whether plaintiff's cause of action, based on this injury, and on the other allegations of his complaint, "arises" from "the commission" by defendants Newark Stove and Power Products "of a tortious act within this State."

The Supreme Court of Illinois, speaking to a different question, has pointed out that the words "commission of a tortious act" cannot, in the context of this statute, mean the same thing as commission of a tort. Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673. There is no Illinois case involving the precise question presented here. However, that question was before the English Court of Appeal in George Monro, Ltd. v. American Cyanamid and Chemical Corp., [1944] 1 K.B. 432. George Monro, Ltd., sought to obtain service upon American Cyanamid in New York under Order XI, Rule 1(ee) which makes such service discretionary with the courts "whenever the action is founded on a tort committed within the jurisdiction," (O. 11, R. 1(ee) Rules of the Supreme Court, Annual Practice 1957). The alleged tort committed by American Cyanamid was negligence in the manufacture (in New York) of rat poison which caused it to become a dangerous article with the result that plaintiff, American Cyanamid's sole distributor in England, was damaged. The Court rejected plaintiff's application for service out of jurisdiction and the Court of Appeal affirmed.

The opinion of Goddard, L. J., is of particular interest here. He rejected the idea that the words "tort committed within the jurisdiction" must be interpreted in the light of the old learning as to what constitutes an action on the case, learning which has the tendency to place the tort where the damage occurs. He then said:

"Here the alleged tort which was committed was a wrongful act or default. It was the sale of what

was said to be a dangerous article without warning as to its nature. That act was committed in America, not in this country. I think * * * that all that this rule (Order XI, Rule 1(ee)) is aiming at is the case where a foreigner comes to this country and commits a tort in this country, for instance, in driving a motor car and running someone down by negligent driving." [1944] 1 K.B. 432, 439–440.

In view of the fact that paragraph (b) of section 17(1) uses the words "commission of a tortious act" rather than the words "commission of a tort" there can be little doubt that the drafters were thinking, at least in regard to torts other than libel (see Section 7(5), Illinois Civil Practice Act), along the lines of Lord Justice Goddard's opinion just quoted.

The tort alleged to have been committed by defendants Newark Stove Company and Power Products Corporation, lies in the manufacture and sale of a dangerous article without warning as to its nature. The manufacture took place in Ohio and Wisconsin. The sale was not made directly to plaintiff or his father but was made to Sears Roebuck & Co. Newark Stove and Power Products abandoned all control in the article f. o. b. their plants in Ohio and Wisconsin. I must emphasize here that this discussion of their part in the alleged commission of the tort has no reference to the doctrine of *novus actus interveniens*. My purpose here is to fix the place where the "tortious act" or acts occurred.

I find that all the acts constituting the alleged tort of defendants Newark Stove and Power Products occurred outside Illinois. Only the damage occurred here. I believe that, on a proper interpretation of the words "tortious act," it was not intended under Section 17(1) (b) that Illinois courts should assume jurisdiction over nonresident defendants in a case such as this.

Since I hold that Sections 16 and 17(1) (b) cannot be read to authorize out of

state service upon defendants Newark Stove Company and Power Products Corporation, I do not reach the question whether a different reading of those provisions would render them unconstitutional, but I doubt that it would (compare Watson v. Employers Liability Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74).

Accordingly, the motion of defendants Newark Stove Company and Power Products Corporation to quash service of summons upon them is hereby granted. Said service of summons is hereby quashed. Defendants Newark Stove Company and Power Products Corporation are hereby dismissed from the action.