Mortimer, Nolan, O'Malley & Dunne, Chicago, Ill., for plaintiff.

Heineke, Conklin & Schrader, Chicago, Ill., for defendant.

**Patricia M. McMAHON, Plaintiff,**

v.

**BOEING AIRPLANE COMPANY, Defendant.**

**No. 61-C-218.**

United States District Court
N. D. Illinois, E. D.

Oct. 24, 1961.

CAMPBELL, Chief Judge.

■■ This is an action for personal injury based on diversity of citizenship. The plaintiff, a stewardess, alleges she was injured while being instructed in the method of leaving an airplane designed and manufactured by the defendant. She further alleges that her injuries resulted from the negligent design and construction of the airplane. The airplane was owned by her employer, American Airlines, not a party to this action. The facts established by the pleadings, briefs and affidavits of the parties are that the

alleged injury occurred in Illinois on a plane manufactured, tested, designed, sold and delivered by the defendant outside of Illinois. The defendant has no office in Illinois.

The plaintiff caused process to be served on an agent of the defendant corporation who was present in Chicago on business. The defendant is now before the Court on a special appearance to contest the Court's jurisdiction over its person, and upon motion requests an order quashing the return of process.

The plaintiff relies upon Illinois Revised Statutes, 1957, Chapter 110, Section 17, which as far as material here provides:

> "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts: * *
>
> "(b) The commission of a tortious act within this State;"

The sole question presented, therefore, is whether plaintiff's cause of action, based on this injury, "arises" from "the commission" by the defendant "of a tortious act within this State."

In Hellriegel v. Sears Roebuck & Co., D.C. (1957), 157 F.Supp. 718, I was presented with a similar factual situation and the same legal issue. In the Hellriegel case the plaintiff alleged his personal injuries were caused by the defendant's negligent manufacture of a lawn mower in Ohio and Wisconsin. The injury occurred in Illinois. I was then, as I am now, of the opinion that the words "tortious act" as used in Section 17 are not synonymous with the word tort. The former term, more restrictive than the latter, refers only to the act or conduct and does not include the consequence thereof. I did not then believe, nor do I now believe, that the Illinois Legislature intended the Illinois Courts to assume jurisdiction over nonresident defendants in cases such as this. In Nelson v. Miller, (1957), 11 Ill.2d 378, 143 N.E.2d 673, the Illinois Supreme Court stated that this statute confers jurisdiction when the complaint alleges acts or omissions performed within the state. In the Hellriegel case, as in this case, the complaints do not allege acts or omissions performed in the State of Illinois, rather, only the injury is alleged to have occurred in Illinois.

While the present motion was now pending in this case, the Illinois Supreme Court decided the case of Gray v. American Standard et al., 22 Ill.2d 432, 176 N.E.2d 761, Docket No. 35872—Agenda 49—January, 1961, wherein the facts and legal issues were generally in accord with those of this, and the Hellriegel cases. In the Gray case the defendant, a foreign corporation, manufactured and sold valves outside of the State. Still another corporation inserted these valves into its heating units and sold one such unit to the plaintiff. The plaintiff was injured in Illinois when a valve exploded. The Court found Section 17 to be Constitutional, and further held that the terms "tortious act" and tort are synonymous. Thus, it would appear the Illinois Supreme Court has interpreted the language of Section 17 to include within the ambit of its scope those cases where none of the negligent action alleged in the complaint occurs in Illinois, but, where only the injury occurs in this State.

In a diversity case such as this I am bound to follow the construction accorded the State's statutory provisions by the Supreme Court of Illinois. Accordingly, defendant's motion for an order quashing the marshal's return and dismissing the action is denied.