Isadore Bookstein, J.
The defendant, the Darby Products of Steel Plate Corporation, designated “ The Darby Corporation ” in the summons and complaint in this action, and hereinafter called “ Darby ”, has brought on this motion to dismiss the several causes of action stated against it on the ground that the court lacks jurisdiction over the person of the defendant, “ Darby”. The motion presents questions as to the interpretation, the retroactive effect, and the constitutionality of section 302 of the Civil Practice Law and Rules. Objections to the court’s jurisdiction based upon the misnomer of the corporation have been withdrawn.
“Darby” is a corporation organized under the laws of Kansas. Its only place of business is located in Kansas City in that State. The corporation’s business is the manufacture of cargo pressure tanks or vessels for use in the transportation of explosive and flammable liquefied petroleum products including propane gas. The manufactured products of the corporation are shipped to the purchasers from the plant in Kansas City, Kansas, and bills for the purchase price are sent from its offices there. The corporation has never been authorized to do business in New York. It has no place of business, no agents, *500 representatives or employees, and no warehouses or display rooms in this 'State. It has no assets of any kind in New York.
In 1956 ‘ ‘ Darby ’ ’, under a contract with Butler Manufacturing Co., a Missouri corporation, (hereinafter called “ Butler ”) having its principal office at Kansas City, Missouri, manufactured a pressure tank or vessel for carrying liquefied petroleum products including propane gas. The tank was delivered by “Darby” to “Butler” which affixed to it the undercarriage and wheels. The completed tank trailer was sold by “ Butler ” to E. Brooke Matlack, Inc., a Pennsylvania corporation (hereinafter called “Matlack”) engaged in the business of transporting goods, wares and merchandise in interstate commerce in the States of Pennsylvania, New York, Vermont, New Jersey and other States. Delivery of the tank in question was made by “ Butler ” to “ Matlack ” in 1957.
On July 25, 1962, the tank trailer drawn by a tractor owned by Robert J. McLucas, whose administratrix is a party defendant to this action, was carrying a cargo of propane gas owned by the defendant Phillips Petroleum Company to a destination in Vermont. In Berlin, County of Rensselaer, New York, the tank allegedly ruptured and exploded. This action is brought by the plaintiffs to recover damages for personal injuries and damage to their property caused by the explosion. The summons and complaint were served upon the president of “ Darby ” in Kansas City, Kansas, on September 4,1963.
The power of a State to exercise a personal jurisdiction over nondomiciliaries was greatly extended by International Shoe Co. v. Washington (326 U. S. 310, 320 [1945]) and McGee v. International Life Ins. Co. (355 U. S. 220 [1957]). In the former case it was held that the requirements of due process for the exercise of personal jurisdiction over persons absent from the territory of the forum were met if the absentee had such minimum contacts with the State that the maintenance of the suit did not offend “ traditional conception of fair play and substantial justice ”. In the latter the court said (p. 223): “It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State.”
The cases establishing the “ minimum contacts ” test do not establish that jurisdiction was acquired over “ Darby ” by personal service upon its president in Kansas. Service of the summons was made under section 313 of the Civil Practice Law and Rules which provides that service outside the State may be made upon a person domiciled in the State or subject to the jurisdiction of the State under sections 301 or 302. Section 301 provides that a court may exercise ‘1 such jurisdiction over *501 persons, property or status as might have been exercised heretofore.” It is clear that “ Darby” had no such contacts with New York as would have permitted the courts of New York State to exercise an in personam jurisdiction over it prior to the effective date of the Civil Practice Law and Rules. If jurisdiction is to be sustained, authority for its exercise must be found in the provisions of section 302 of the Civil Practice Law and Rules.
The only paragraph of subdivision (a) of section 302 which might apply is the second. It authorizes a court to exercise personal jurisdiction over a nondomiciliary if “in person or through an agent, he:
“ 2. commits _a tortious act within the state ”. If the words ‘ ‘ commits a tortious act ’ ’ are synonymous with the words, “ commits a tort ” jurisdiction should be sustained since it is the general rule that ‘ ‘ the place of the wrong is in the State where the last event necessary to make an actor liable for an alleged tort takes place.” (Conklin v. Canadian-Colonial Airways, 266 N. Y. 244, 248 [1935].) If, however, the words require the presence within the State of the actor or his agent, the service herein made was ineffective to subject “Darby” to the jurisdiction.
It has been held that a State statute may constitutionally authorize the courts of the State to exercise personal jurisdiction over a nondomiciliary of the State, upon constructive service of process, where the nondomiciliary or his agent has, within the State, committed a tortious act. (Smyth v. Twin State Improvement Corp., 116 Vt. 569 [1951]; Nelson v. Miller, 11 Ill. 2d 378.) In both cases the agent of the defendant was within the State when the tortious acts were committed. In Gray v. American Radiator & Std. Sanitary Corp. (22 Ill. 2d 432 [1961]) the court went further. Upon facts very much like those of the case now before the court, it was held that the Illinois statute authorized the courts of the State to exercise personal jurisdiction over a foreign corporation, and that the statute was constitutional. / /
Before the Gray case was decided, the case of Hellriegel v. Sears Roebuck & Co. (157 F. Supp. 718) was presented to the Federal District Court for the Northern District of Illinois. There, Ohio and Wisconsin corporations were made defendants in an Illinois action to recover damages for negligence in the manufacture of a lawn mower which was subsequently sold by Sears Roebuck & Co. to a resident of Illinois. The court held that the words “ the commission of a tortious act ” within the State cannot mean the same thing as “ commission of a tort,” and that sections 16 and 17 of the Illinois Civil Practice Act *502 authorized the exercise of personal jurisdiction over nondomiciliaries only where the defendant committed the act in Illinois. After the Gray case was decided the case of McMahon v. Boeing Airplane Co. (199 F. Supp. 908 [N. D. Ill., 1961]) came before the court. It was conceded that the Federal court was bound by the Illinois Supreme Court’s interpretation of the statute, but Chief Judge Campbell who had written the opinion in the Hellriegel case said in referring to that case (p. 909): “ I was then, as I am now, of the opinion that the words ‘ tortious act ’ as used in Section 17 are not synonymous with the word tort. The former term, more restrictive than the latter, refers only to the act or conduct and does not include the consequence thereof. I did not then believe, nor do I now believe, that the Illinois Legislature intended the Illinois Courts to assume jurisdiction over nonresident defendants in cases such as this.”
It has been urged that the New York Legislature adopted the rule of the Gray case, since subdivision (a) of section 302 was modeled upon sections 16 and 17 of the Illinois Civil Practice Act and was enacted in 1962 after the Gray case was decided. The contention has much less force when it is considered that the New York Advisory Committee on Practice and Procedure recommended the adoption of the language of the Illinois act in its 1956 Second Report to the Legislature before the Gray decision was handed down.
The court is of the opinion that the Legislature intended the words “ commits a tortious act within the state ” to mean an act done within the State by a defendant who was personally, or through an agent, present here. The words of the statute “ in person or through an agent ” suggest such an interpretation. That was the interpretation of the court in the Hellriegel case before it became bound by the interpretation given in the Gray case. It was, furthermore, the interpretation given to similar language by the English Court of Appeal in George Monro, Ltd. v. American Cyanamid & Chem. Corp. ([1944] 1 K. B. 432). There service outside England could be permitted ‘ ‘ whenever the action is founded on a tort committed within the jurisdiction ”. The defendant had manufactured in New York a rat poison which became dangerous. The court held that service could be made only upon a foreigner who came to England and there did a wrongful act.
On the matter of interpretation, it is interesting to note some of the provisions of section 1.03 of the Uniform Interstate and International Procedure Act (Handbook of Nat. Conf. of Commrs. on Uniform State Laws, 1962) which, so far as pertinent, reads as follows;
*503 “ Section 1.03 [Personal Jurisdiction Based upon Conduct.]
“ (a) A court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a [cause of action] [claim for relief] arising from the person’s * * *
“ (3) causing tortious injury by an act or omission in this state;
“ (4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state ”.
Under that section, it is quite clear that in personam jurisdiction of “ Darby ” by the courts of this State could not be obtained, under either paragraphs (3) or (4). Paragraph (3) clearly requires the tortious injury to be caused by an act or omission, done or omitted to be done by a person, who acts directly or by agent, in this State. This necessarily presupposes the actual presence in the State of the person or his agent, who is charged with causing the tortious injury in this State.
On the facts alleged in this State, the tortious act was committed in Kansas, when the tank was allegedly negligently constructed. The tortious injury occurred in this State, but not by a tortious act or omission in this State. Paragraph (4) quite as clearly deals with a tortious injury in this State by an act or omission, outside the State.
That is the precise situation presented here. The alleged tortious act or omission occurred in Kansas; the tortious injury occurred in this State. But in such case under (4) to confer in personam jurisdiction, there must be present the contacts with this State, at least of the minimal nature set forth in paragraph (4). Here there is no evidence of such a minimal contact as is required by paragraph (4).
The minimal contact theory as a means of conferring in personam jurisdiction on our courts has come about through decisional, rather than through statutory law, and presumably is continued by section 301 of the Civil Practice Law and Rules. Here there is no evidence whatsoever of the minimal contact with the State.
Reliance, therefore, must be upon section 302 of the Civil Practice Law and Rules, commonly known as the single act statute.
As we have already seen, section 302 (subd. [a], par. 2) confers in personam jurisdiction of a nondomiciliary, as to a cause of action, if the nondomiciliary ‘ ‘ in person or through an agent * * * commits a tortious act within the state.”
*504 Here the tortious act was committed in Kansas; the tortious injury occurred in this State. No tortious act was committed in this State by ‘ ‘ Darby ’ ’ or its agent.
To me it appears clear that our Single Act Statute requires that the “ tortious act ” rather than the “ tortious injury ” be committed in this State, in order for in personam jurisdiction to be obtained of the nondomiciliary.
And, to me, it is equally clear that a “ tortious act ” and a “ tortious injury ” are not synonymous.
As already indicated heretofore, if ‘ ‘ tortious act ’ ’ and “ tortious injury” were synonymous, in personam jurisdiction of “Darby” would be conferred on the courts of this State. Otherwise, it cannot be, except on the “minimal contact” theory, which does not exist on the proof presented.
In view of this interpretation of section 302 (subd. [a], par. 2) of the Civil Practice Law and Rules, it is unnecessary to consider whether the section is retroactive, or whether, if otherwise interpreted, it would violate the due process clause of the Constitution.
The motion of the defendant, Darby Products of Steel Plate Corporation, to set aside the service of the summons and dismiss the complaint is granted.