Seymour Bieber, Spec. Ref.
By an amended order of Hon. Samuel H. Hofstadter, a Justice of this court, dated January 17, 1964, the issue as to whether the moving defendants Hawley and Blumberg were properly served with process was referred to me, to hear and report, together with my recommendations.
Hearings were held before me on January 27 and February 21, 1964 at which the parties, by their respective attorneys, appeared. A transcript of the minutes taken by an official stenographer was waived. Briefs submitted by counsel are filed herewith.
The material facts involved in this proceeding are not in dispute and are set forth by stipulation of counsel in plaintiff’s Exhibits 1 and 2. In substance, it appears that plaintiff was a Delaware corporation with its office and principal place of business located in New York City. Both moving defendants were directors of said corporation; Blumberg, from April 9, 1962 to November 26, 1962 and Hawley, from April 9, 1962 to March 25, 1963. Neither of the two defendants is a resident of New York. Blumberg was personally served with process in Florida and Hawley was so served in the State of Illinois, their respective domiciles.
It is conceded that Blumberg never attended a meeting of plaintiff’s board of directors and was never physically present in New York for the purpose of transacting corporate business. All certificates in lieu of directors’ meetings and all consents and waivers of notice of special meetings of the board of directors which were executed by both defendants, admittedly were *642 so executed outside of New York, despite the fact that such certificates are dated on their face at “ New York, New York ”. As to Hawley, however, the corporate records indicate that he attended corpprate directors’ meetings in New York City on May 14, June 29, October 23, November 6, December 4 and 10, 1962.
The gravamen of the complaint, insofar as it affects the moving defendants, purportedly sounds in tort. The complaint, in substance, alleges that Blumberg and Hawley neglected to perform their duties as directors by failing to attend directors’ meetings and by their complete lack of exercise of the independent supervision and control of corporate affairs required by their fiduciary positions.
It is plaintiff’s position here that the cause of action alleged against the moving defendants for injury to corporate property and assets by waste, mismanagement and neglect was created by reason of their ‘ ‘ tortious acts” within the State of New York. These acts of “ omission ”, that is, defendants’ purported failure and neglect to perform their duties as directors (supra), and their alleged transaction of corporate business in New York are the grounds urged by plaintiff as conferring jurisdiction here over defendants pursuant to the provisions of subdivision (a) of 302 Civil Practice Law and Rules.
Blumberg argues that inasmuch as he is a Florida resident who, concededly, Aas never present in New York on corporate affairs and had no;“ contacts ” with this State for jurisdictional purposes, the subject service of process on him in Florida is invalid. Hawley, similarly, asserts that inasmuch as he is not alleged to have participated in one or more of the transactions complained of while he was physically present in New York, the subject service of process on him at his Illinois residence is ineffective and invalid. Both defendants also dispute the retroactive effect of the newly enacted subdivision (a) of 302 Civil Practice Law and Rules.
Although there is sufficient precedent regarding the issue of the transaction; of business (CPLR 302, subd. [a], par. 1), the pending proceeding insofar as it relates to the alleged tortious acts (CPLR 302, subd. [a], par 2) presents a case of first impression in this State. The principal problem to be determined, in substance, is twofold, to wit: (1) do the alleged acts of “ omission ” (supra) constitute tortious acts within the intendment of 302 (subd. [a], par. 2) Civil Practice Law and Rules and (2) if so, were these tortious acts committed by defendants in New York, as required by this statute.
*643 There can be no doubt that an action based on an alleged injury to property is an action sounding in tort (see Jay Bee Apparel Stores v. 563-565 Main St. Realty Corp., 130 Misc. 23, 27, affd. 226 App. Div. 721). Similarly, actions for. waste of corporate assets, mismanagement of corporate affairs and payment of excessive and improper corporate salaries, all of which result in injury to corporate property, are also actions sounding in tort (Myer v. Myer, 271 App. Div. 465, 467 et seq., affd. 296 N. Y. 979; Austin v. Gardiner, 267 App. Div. 863; Pollack v. Warner Bros. Pictures, 266 App. Div. 118; Sialkot Importing Corp. v. Vardra, 49 N. Y. S. 2d 118,119, mod. on other grounds 268 App. Div. 975; Clayton v. Farish, 191 Misc. 136). In my opinion, contrary to defendants’ argument, therefore, plaintiff’s complaint sets forth a tort action and, accordingly, the alleged misconduct of defendants directors resulting in the injury to corporate property necessarily must be deemed to be “ tortious ” (see Sialkot Importing Corp. v. Vardra, supra).
I find no merit in moving defendants’ contention that their alleged misdeeds are not “ tortious acts ” within the meaning of 302 (subd. [a], par. 2) Civil Practice Law and Rules because they are merely charged with failing to prevent the acts complained of-— an “ omission ’’, rather than actively participating in the wrongdoing — the “ commission ”. It is well-established law that corporate directors are responsible for acts of omission, such as neglect of their duties, as well as the commission of wrongful acts. It is fundamental that injury to property, a tort, may readily result by an act or omission, the same as if such tort was caused by a positive act (Imberman v. Alexander, 16 Misc 2d 330, 334; Barnes v. Andrews, 298 P. 614, 616; see, also, Walker v. Man, 142 Misc. 277, 278-279; Manheim Dairy Co. v. Little Falls Nat. Bank, 54 N. Y. S. 2d 345, 365).
It is the obvious duty of directors to know what is transpiring in the business affairs of their corporation. They cannot assume the responsibilities of their fiduciary position, then simply close their eyes to what is going on around them and thereby avoid the consequences by the mere failure to act. "While corporate directors are not liable for errors of judgment, nevertheless, the law holds them accountable for that which they reasonably should have known or discovered in the discharge of their duties (Manheim Dairy Co. v. Little Falls Nat. Bank, supra). Mere passivity and disavowal of knowledge alone do not and should not constitute a pass to freedom from responsibility (see Walker v. Man, supra). Thus, in my opinion, defendants’ attempt to distinguish between “ omission ” and ‘ ‘ commission ’ ’ is clearly inconsistent with their duties and *644 responsibilities as corporate directors and the attendant liabilities for their neglect and failure to perform as required by law and equity.
I find nothing in the legislative history of the “ single act ” statute which supports defendants ’ claim that the phrase ‘ ‘ tortious act ”, as set forth in 302 (subd. [a], par. 2) Civil Practice Law and Rules was not intended to encompass acts of omission. On the contrary, the express provisions of this section clearly include all torts, except those based on defamation of character. Even this exclusion was not made because of any constitutional requirements of due process, as alleged by defendants, but was incorporated in the law to avoid unnecessary inhibitions on freedom of speech and of the press (see 1 Weinstein-KornMiller, N. Y. Civ. Prac., § 302.11).
Although, as above noted, the foregoing issue regarding omissions as tortious acts is one of first impression in New York, I respectfully call the court’s attention to a 1957 Illinois case interpreting ¡identical language contained in section 17 of the Illinois Civil Practice Act, the model for 302 Civil Practice Law and Rules (Nelson v. Miller, 11 111. 2d 378; see, also, Second Preliminary Report of the Advisory Committee on Practice and Procedure of the Temporary Committee on the Courts, State of New York, 1958; 1 Weinstein-Korn-Miller, supra, § 302.01). In the Nelson case {supra, pp. 393-394), the Illinois court stated that1 ‘ An act or omission within the State, in person or by an agent, is a sufficient basis for the exercise of jurisdiction to determine whether or not the act or omission gives rise to liability in tort ” (emphasis added).
In my opinion, there is no merit to defendants’ argument that a Federal District Court, in Hellriegel v. Sears, Roebuck <& Go. (157 F. Supp. 718) rejected the determination made in the Nelson case. It is to be noted that in a subsequent case, Gray v. American Radiator <& Std. Sanitary Corp. (22 111. 2d 432), the Illinois Supreme Court specifically refused to follow the Federal District Court’s interpretation of Illinois law. Moreover, shortly after the 1961 decision in the Gray case, the Federal court that had previously decided the Hellriegel case, itself concluded that such case could no longer be followed in view of the Illinois court’s later determination in the Gray matter (see McMahon v. Boeing Airplane Co., 199 F. Supp. 908, 909; Anderson v. Penncraft Tool Co., 200 F. Supp. 145, 146).
Thus, in light of¡ these Illinois precedents and, more particularly, in view of thé duties and obligations imposed on corporate directors by New York law {supra), I believe that 302 (subd. *645 [a], par. 2) Civil Practice Law and Rules must be construed to include, for jurisdictional purposes, tortious acts or omission which result in property damage, as set forth in the allegations of the complaint here involved.
There remains for consideration the issue as to whether the alleged tortious acts were, in fact, committed within this State, another requisite of the applicable statute. In my opinion, an analysis of the pleadings and proof clearly indicates that such tortious acts of omission were necessarily committed by defendants in this State.
Contrary to defendants’ argument, the fact they were not physically present in New York when the alleged misdeeds occurred supports rather than refutes the conclusion that the “ omission ” took place here. It was their undelegable duty as directors to be present here at directors’ meetings, for it is undisputed that New York, for all practical purposes, was the situs of the corporation and of all directors’ meetings during defendants’ tenure in such capacity.
New York, therefore, was the place where plaintiff’s assets were purportedly wasted and the place where such waste, if it were to be prevented by defendants, had to be prevented. Furthermore, if defendants had performed their duties and obligations as directors and if they were to exercise the standards of diligence and care which plaintiff contends was required of them, their activities had to occur in New York, where the office of the corporation was located, where it maintained its bank accounts and the only place, as above noted, where the board of directors met.
Significantly, although Blumberg simply makes the unsupported statement that the alleged tort occurred outside New York, he fails to tell where it purportedly did take place. If he is, in effect, asserting that the “ omission ” occurred in Florida and Illinois, the respective residences of defendants, it is to be noted that plaintiff corporation had no contacts with these States, except for the presence there of these defendants.
Blumberg’s concession that he did nothing as a director, believing ‘‘ my directorship was an honorary position and it had nothing to do with the activities of the corporation ” is, in effect, an admission of his failure to perform duties which were required to be performed by him in New York (Kavanaugh v. Commonwealth Trust Co., 223 N. Y. 103, 106, 117; see, also, Kavanaugh v. Gould, 147 App. Div. 281, 289; Bowerman v. Hamner, 250 U. S. 504, 511).
It is also to be noted that while Blumberg did not even purport to perform his duties as a director, nevertheless, he signed *646 and mailed to New York consents and waivers of notice dated at “ New York, New York” and also signed and mailed to New York a certificate in lieu of meeting, similarly dated at “ New York, New York ”. Thus, even by his own acts, he has linked himself to this State and acknowledged that the corporate activities for which he, as a director, was legally responsible, were taking place in New York.
With regard to defendant Hawley, it clearly appears that whatever he did as a director, such as attendance at meetings and execution and delivery of certificates, consents and waivers, he did in or with reference to New York. Similarly, as with Blumberg, whatever Hawley failed to do as a director, could and should have been done in New York. In my opinion, therefore as above stated, New York, the only place for the proper performance of defendants’ duties as directors, is the place where the alleged tortious acts of omission were committed, within the intendment of 302 (subd. [a], par. 2) Civil Practice Law and Rules.
Parenthetically, as noted by plaintiff in analogous criminal actions, it has also been held that the crime of neglect of duty can be committed only at the place where the duty is required to be performed (Matter of Murtagh v. Leibowitz, 303 N. Y. 311, 317; see, also, J ohnston v. United States, 351 U. S. 215, 220). Applying this principle to the matter at bar, New York is obviously the situs of the required performance (supra).
It is significant in interpreting the subject New York statute to note that the Illinois Supreme Court, in the afore-mentioned Gray case (supra)-, held that a tortious act is deemed to have been committed at the place of injury resulting from such act (supra, pp. 762-763). The Illinois court expressly rejected defendants’ argument that the words “ tortious act ” referred only to the act or conduct, separate and apart from any consequence thereof. In my opinion, this reasoning is equally applicable here and constitutes an additional ground for determining that defendants ’ ‘ ‘ tortious acts ’ ’ were committed in New York, where the alleged injuries caused by their “ omissions ” were suffered (see Fornabaio v. Swissair Transp. Co., 42 Misc 2d 182 [Lupiano, J.]).
The concept of injury, as noted in the Gray ease, is an inseparable part of the phrase “tortious act”, for to be tortious, an act must cause injury. Thus, contrary to defendants ’ argument, the resulting injury in New York from their tortious acts as directors of a corporation doing business here is sufficient “ contact ” by them with this State to satisfy traditional notions *647 of fair play and justice underlying the maintenance of a lawsuit against them in this jurisdiction (see Conklin v. Canadian-Colonial Airways, 266 N. Y. 244, 248-249). It must he kept in mind that defendants willfully undertook to assume directorships in a corporation which they knew conducted its affairs and had all of its assets in New York. There is nothing unjust or unreasonable, therefore, in compelling them to attend this jurisdiction for the purpose of defending their actions, inaction and neglect which purportedly resulted in injury to plaintiff’s property in New York.
In view of the foregoing, I do not believe it is necessary to discuss at length plaintiff’s argument that defendants transacted business within this State. Suffice it to say, the evidence before me does not sustain such argument. Plaintiff relies upon its contention that the mailing by defendants of the aforementioned consents, waivers and certificates, constituted a designation by them of the other members of the board of directors to act on their behalf as agents for the transaction of business within the meaning of 302 (subd. [a]) Civil Practice Law and Rules. This contention is without merit for it disregards the well-established rule that a director cannot so delegate his power and authorize any one to act for him (see 1 Hornstein, Corporation Law and Practice, § 414; 7 White, New York Corporations [12th ed.], §§ 8.175, 8.18; 2 Fletcher’s Cyclopedia Corporations, §§ 496, 497; 19 C. J. S., Corporations, § 750). It necessarily follows, therefore, that the aforementioned acts are not sufficient to constitute a ‘ ‘ transaction of business ’ ’, as plaintiff urges here.
Defendant Blumberg argues that extension of jurisdiction to him in this State deprives him of due process of law. Both defendants also contend, as noted, that the applicable provisions of the Civil Practice Law and Rules cannot be given retroactive effect. Neither of these assertions, in my opinion, has any merit.
The Supreme Court of the United States has affirmed the position that the exercise of jurisdiction is reasonable where it does not offend ‘ ‘ traditional notions of fair play and substantial justice ” (McGee v. International Life Ins. Co., 355 U. S. 220, 222; International Shoe Co. v. Washington, 326 U. S. 310). The entire history of litigation concerning the extension of jurisdictional rights, commencing with the classic case of Pennoyer v. Neff (95 U. S. 714) and culminating in the above-cited United States Supreme Court cases, as well as in the subsequent Hanson v. Denckla case (357 U. S. 235, 249 et seq.) *648 and the New York “ single act” statute (CPLR 302 et seq.), indicates a clearly discernible trend toward expanding the scope of State jurisdiction over nonresidents far beyond the limitations defendants seek to impose here (see Fornabaio v. Swissair Transp. Co., 42 Misc 2d 182, supra).
Contrary to Blumberg’s argument, due process now requires only that there be adequate notice to a defendant and that the exercise of jurisdiction be reasonable (Davis v. St. Faul-Mercury Ind. Co., 294 F. 2d 641, 646). In view of the fact that defendants were personally served, notice is not at issue here. Insofar as reasonableness is concerned, as above noted, both defendants knew they were accepting fiduciary positions with a corporation active in the State of New York. All corporate records are here. Moreover, the injuries resulting from their tortious acts occurred in New York. Thus, the consequences of their conduct took place within the forum State where jurisdiction is sought. In addition, defendant Hawley attended corporate meetings in New York. In my opinion, therefore, both defendants had sufficient “minimal contacts” with New York and knew or should have known of the potential New York consequences of their ¡acts or omissions (Hanson v. Denckla, supra; Deveny v. Rheem, Mfg. Co., 319 F. 2d 124). If defendants’ position were to be adopted here, it would follow that directors of a foreign corporation transacting business and having its principal office in this State could actively or passively plunder the corporation with impunity, the courts of this State being without power to redress the wrongs as they appear upon the face of a complaint such as in this case (see Miller v. Quincy, 179 N. Y. 294, 299). This result certainly does not conform with “ traditional notions of fair play and substantial justice ” (International Shoe Co. v. Washington, supra; McGee v. International Life Ins. Co., supra).
Since the writing of defendants’ main briefs, there have been a series of cases which clearly refute their contention that 302 Civil Practice Law and Rules is not retroactive (see Alvin Schacter, Inc. v. Adams & Co., N. Y. L. J., Dec. 16, 1963, p. 12, col. 2; William Rand, Inc. v. De Fantasia, 41 Misc 2d 838; Crosney v. Hadley Corp., N. Y. L. J., Jan. 24,1964, p. 13, col. 6). These recent cases also indicate, contrary to defendants’ argument, that no remedy was created by 302 Civil Practice Law and Rules save the procedural remedy relative to in personam jurisdiction. Retrospective application of such laws, significantly, was also determined by the Supreme Court of Illinois in interpreting its comparable statute (see Nelson v. Miller, 11 111. 2d 378, supra).
*649 In recapitulation, it is my opinion that the alleged tortious acts were committed in New York, the situs of the corporate business and the place for the proper performance by defendants of their fiduciary duties as directors. “ The law has no place for dummy directors” (Kavanaugh v. Gould, 147.App. Div. 281, 289, supra) and it cannot be said that justice will not be achieved by compelling defendants to defend the pending lawsuit in New York. If the action is not tried in New York it is obvious that plaintiff will unnecessarily be put to the burdensome task of prosecuting multiple actions in several States. Under the existing facts and applicable law, as above set forth, this result is unwarranted and inequitable.
Accordingly, I so report and recommend the court find that both defendants were properly served with process and are amenable to the jurisdiction of this State.
April 13, 1964
Samuel H. Hoestaoteb, J. The plaintiff moves to confirm and the defendant Hawley cross-moves to reject the report of Hon. Seymoub Biebeb, Special Referee, which recommends a finding by the court that the defendants Hawley and Blumberg were properly served with process in this action and are amenable to the jurisdiction of this State. The defendant Blumberg also opposes confirmation of the report. These two defendants are nondomiciliaries who were served personally with process in the States of their residence. They are charged in the complaint with dereliction in the discharge of their duties as directors of the plaintiff, a Delaware corporation with its office and principal place of business in the City of New York, which caused waste of the corporate assets. The plaintiff’s claim, upheld in the Referee’s report, is that these defendants are subject to the personal jurisdiction of our courts under 302 (subd. [a], par. 2) of the Civil Practice Law and Rules, since they committed a tortious act within the State. The issues are treated so exhaustively in the careful and illuminating report of the Referee that nothing need be added here. The court is in agreement with the Referee’s conclusion and adopts and confirms the report in all respects. Accordingly, the motions to vacate the service of the summons which were held in abeyance pending the coming in of the Referee’s report are respectively denied, and the defendants may answer the complaint within 20 days after service of a copy of this order with notice of entry.