Beegan, J.
Defendant Blumberg resides in Florida and was served with process in that State in this New York action. Jurisdiction is asserted under the long-arm statute (CPLB 302) and was sustained at the Special Term and at the Appellate Division in decisions which preceded Feathers v. McLucas (15 N Y 2d 443).
Defendant was a director of plaintiff corporation and the action is laid in tort for a failure to attend directors’ meetings in New York and in neglecting to perform in New York any of his duties as director, resulting, it is asserted, in loss to the corporation. ■
Instead of attending directors’ meetings in New York or performing any of a director’s duties in New York in connection with the corporation, under the facts as stipulated, defendant Blumberg remained in Florida and did nothing in connection with his duties as director other than to execute in Florida consents and waivers of notice of special meetings and a certificate in lieu of a directors’ meeting.
Although it is argued by plaintiff that Blumberg’s failing to leave Florida and come to New York to attend the meetings or to do anything about the management of the corporation constituted “ tortious acts or omissions * * # committed in New York, the place for the proper performance of his duties ”, his failure to do anything in New York does not fall literally within CPLB 302 (subd. [a], par. 2). This paragraph requires, for the exercise of a personal jurisdiction by the court, that the defendant commit ‘ ‘ a tortious act within the state ’ ’.
The failure of a man to do anything at all when he is physically in one State is not an “ act ” done or “ committed ” in another State. His decision not to act and his not acting are both personal events occurring in the physical situs. That they may have consequences elsewhere does not alter their personal localization as acts.
To treat an “ omission ” as an “ act ” in a particular place, one must be there to do or to omit the act. The problem is not whether the omission is right or wrong; or whether it is or is not a tort, but whether it is a “ tortious act ” committed in New York.
Both the plain words of the statute and Feathers v. McLucas (see, especially, pp. 461 and 462) demonstrate that no tortious *238 act was, under the stipulated facts, committed in New York by defendant.
Plaintiff’s argument that we should take a much broader view of the statute based on the rationale of Gray v. American Radiator & Sanitary Corp. (22 Ill. 2d 432) in interpreting the rather similar Illinois statute is answered in Judge Fuld’s opinion in Feathers (pp. 462, 463). But even if the Gray rule were to be applied in New York it would not support jurisdiction under the facts of the present case.
Following the Feathers decision, proposals were made to enlarge the scope of New York’s long-arm statute.to assume all of the constitutionally permissible jurisdiction. (See, e.g., Seminar on CPLR Case Law and Statutory Development, Administrative Board of Judicial Conference, 1966.) The Judicial Conference suggested a restatement and enlargement of jurisdiction (Report to the 1966 Legislature in Relation to the Civil Practice Law and Rules and Proposed Amendments Adopted, N. Y. Legis. Doc., 1966, No. 90, pp. 132-147). A legislative bill resulting from this report was introduced at the suggestion of the Conference (1966 Senate Bill, Int. No. 2681, Pr. No. 2774). But obviously this broader language would not pick up jurisdiction of defendant under the facts of the present ease.
The proposal would add a new paragraph to 302 (subd. [a]) to include one who commits a tortious act “ without the state causing injury to person or property within the state ” if he “ regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state ” or “ expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ’ ’.
It is suggested also by plaintiff that jurisdiction was acquired under the “ transaction of any business ” provision of section 302 (subd, [a], par. 1). But the stipulated facts show defendant was never within New York to do anything in connection with the business of plaintiff corporation. He accepted the directorship in a letter to the plaintiff written in Florida and in a telegram from Florida to the president of the plaintiff; and he executed in Florida the waivers, consents and certificate to which reference has been made.
*239 These acts in Florida relating to the directorship, without doing anything whatever in New York in connection with the corporation, are insufficient either as significant contacts or intrinsically within the statute as the transaction of “ any business within the state ’ ’ to bring defendant within the jurisdiction of New York; and, indeed, the Special Term did not put its ruling on paragraph 1 of subdivision (a).
The order should be reversed, the motion to vacate the summons and dismiss the complaint granted, and the certified question answered in the negative, with costs.
Chief Judge Desmond and Judges Fund, Van Voorhis, Burke and Scileepi concur; Judge Keating taking no part.
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.