Rainer W. KRISTINUS, Plaintiff,

v.

**H. STERN COM. E. IND. S.A., Defendant.**

**No. 76 Civ. 1532.**

United States District Court, S. D. New York.

June 28, 1977.

Farber & Childs, New York City, for plaintiff; John J. von der Lieth, New York City, of counsel.

Bloom, Epstein, Wayne, Reiss & Milner, New York City, for defendant; George Reiss, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Ranier W. Kristinus, a Pennsylvania resident, brought this action for breach of contract against H. Stern Com. E. Ind. S.A. (Stern S.A.), a corporation organized and existing under the laws of Brazil, seeking damages in the amount of $30,467.43. Stern S.A. moves pursuant to Fed.R.Civ.P. 12 for an order quashing service of process and dismissing the complaint for lack of personal and subject matter jurisdiction.

While vacationing in Brazil in December of 1974, Kristinus purchased three rare gems from Stern S.A., one of a worldwide network of independent corporations which carry the "H. Stern" name as part of their corporate title. Kristinus contends that the contract of sale guarantees him the unconditional right to return the stones within one year of their purchase at any of the stores bearing the "H. Stern" name. Early in 1975, plaintiff attempted to return the stones to H. Stern Jewelers, Inc. (Stern N.Y.), a New York corporation owned and operated independently of Stern S.A. Stern N.Y., at the express direction of the defendant, refused to accept the merchandise. Kristinus then initiated this action, serving the manager of Stern N.Y. although naming Stern S.A. as the sole defendant. Jurisdiction is asserted under N.Y.C.P.L.R. § 302(a)(1) or alternatively under N.Y.C.P.L.R. § 301. Although Stern S.A. concedes that Stern N.Y. has regularly accepted merchandise for return or exchange on behalf of the defendant (see Stern Affidavit ¶ 8; Haengel Affidavit ¶ 10), it takes the position that it does not have contacts with the State of New York

sufficient to confer jurisdiction on this court. We disagree.[1]

N.Y.C.P.L.R. § 302(a)(1) provides:

"*(a) Acts which are the basis of jurisdiction.*

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: 1. transacts any business within the state . ."

As discussed below this court has jurisdiction of Stern S.A. under N.Y.C.P.L.R. § 302(a)(1) because: (1) Stern S.A. "transacts business" in New York for purposes of § 302; (2) the activities of Stern N.Y. are attributable to Stern S.A. for purposes of § 302; and (3) Kristinus' cause of action arises out of the activities which constitute the transaction of business within this state.

That Stern S.A. is transacting business in New York follows if it can be concluded that defendant is "engaged in some purposeful activity in this state in connection with the matter in suit." *Longines-Wittnauer v. Barnes & Reinecke*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75 (1965). As noted above, Stern N.Y. regularly accepts the return of guaranteed merchandise on behalf of Stern S.A. The performance by Stern S.A. of the guarantee provision of its contracts through Stern N.Y. falls within the provisions of the statute. "Where a non-domiciliary . . . sends an agent into the state it is one of the most concrete manifestations of his purposeful activity in New York." McLaughlin, Practice Commentary to § 302 (McKinney's § 302:10 at Page 74). It can hardly be said that Stern N.Y.'s regular presence and action on behalf of Stern S.A. is less effective than if Stern S.A. sent an agent into the state. The rule applies whether the

defendant is actually present in the state, as he was for example in *Mattgo Enterprises Inc. v. Aaron*, 374 F.Supp. 20 (S.D.N.Y. 1974) or acts through an agent in New York,[2] as in the instant case, because the language of § 302 requires only that the defendant transact business within the state in person or through an agent.

Moreover, on these facts, all that is required to attribute the acts of Stern N.Y. to Stern S.A. is that Stern N.Y. act at the request of and for the business purposes of Stern S.A. *Arcata Graphics Corp. v. Murray Jewelers & Distributors, Inc.*, 384 F.Supp. 469, 472 (W.D.N.Y.1974). This much Stern N.Y. has clearly done by regularly accepting the merchandise of Stern S.A. for refund or exchange at the request of the latter.

Finally, the instant cause of action arises from a controversy concerning the administration of the guarantee provision of the contract between Kristinus and Stern S.A. As noted earlier, the administration of this provision in New York is an activity which constitutes "transacting business" here within the meaning of N.Y.C.P.L.R. § 302. Stern S.A. cites *Platt Corp. v. Platt*, 42 Misc.2d 640, 249 N.Y.S.2d 1, *aff'd* 23 A.D.2d 823, 258 N.Y.S.2d 629, *reversed* 17 N.Y.2d 234, 270 N.Y.S.2d 408, 217 N.E.2d 134, for the proposition that an act or a refusal to act on the part of a non-domiciliary in one state, cannot constitute an activity in another state. Even if *Platt* stands for such a proposition, however, it does not help Stern's case because the instant action involves the activities of an agent *in New York.*

Since the court has jurisdiction of Stern S.A. under N.Y.C.P.L.R. § 302(2)(1) it is unnecessary to determine whether it has jurisdiction under N.Y.C.P.L.R. § 301, as well.

---

1. Objections to jurisdiction over the subject matter of this controversy are easily dismissed by reference to 28 U.S.C. § 1332(a)(2).

2. It is not necessary to find an exclusive or formal agency relationship between Stern N.Y. and Stern S.A. in order to find that the former

is the agent of the latter for purposes of § 302. *Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974); *Arcata Graphics Corp. v. Murray Jewelers & Distributors, Inc.*, 384 F.Supp. 469 (W.D.N.Y.1974); *Legros v. Irving*, 77 Misc.2d 497, 354 N.Y.S.2d 47 (Sup.Ct.1973).

■ Stern S.A. also moves to quash service of process on the grounds that service on the manager of Stern N.Y. was insufficient. Kristinus argues that service was sufficient under Fed.R.Civ.P. 4(d)(3) which in relevant part provides for service upon a foreign corporation by service upon the "managing or general agent" of that corporation. Alternatively, Kristinus contends that service was adequate under Fed.R.Civ.P. 4(d)(7) which provides for service on any class of defendant referred to in 4(d)(3), in accordance with the laws of the forum state. We agree with plaintiff that service was sufficient to initiate this action against Stern S.A.

N.Y.C.P.L.R. § 311(1) allows service upon a foreign corporation to be made on a "managing or general agent." Whatever meaning that phrase may have for purposes of the Federal Rules, in New York the individual in charge of whatever activities make the foreign corporation "present" here for jurisdictional purposes is the managing agent *pro hac vice*. *Bomze v. Nardis Sportswear, Inc.*, 165 F.2d 33, 37 (2d Cir. 1948); *Ultra Sucro Co. v. Illinois Water Treatment Co.*, 146 F.Supp. 393, 396 (S.D.N.Y.1956); *Berner v. United Airlines*, 2 Misc.2d 260, 149 N.Y.S.2d 335, 349 (Sup.Ct. 1956). Service on the manager of Stern N.Y. whose activities made Stern S.A. present in the state, was adequate under N.Y.C.P.L.R. § 311(1) and therefore under Fed.R.Civ.P. 4(d)(7) and 4(d)(3). The motion to quash service and dismiss the complaint is denied.

It is so ordered.