**Janet NARDELLA, as Administratrix of the Estate of Matthew Nardella, and Janet Nardella, individually, Plaintiffs,**

**v.**

**Harold I. BRAFF, Michael I. Litvak, Leo Ertag, Frederick A. Wortmann, Brian C. Harris, Ira Sukoneck and Braff, Litvak, Ertag, Wortmann, Harris and Sukoneck, George C. Nardella, Nardella & Nardella, and Roy J. Konray, Defendants.**

**No. 84 Civ. 9101 (LLS).**

United States District Court, S.D. New York.

Nov. 19, 1985.

---

Robert D. Gould, P.C., New York City, for plaintiffs; Robert D. Gould, Elliot B. Pasik, of counsel.

Cole & Deitz, New York City, for defendants; Robert D. Lang, of counsel.

## OPINION AND ORDER

STANTON, District Judge.

This case is before the court on plaintiff Janet Nardella's motion pursuant to Fed.R. Civ.P. 15(a) for leave to amend the complaint. Janet Nardella is proceeding individually and as administratrix of the estate of Matthew Nardella against the law firm of Braff, Litvak, Ertag, Wortmann, Harris and Sukoneck ("Braff") and some of its individual members, alleging legal malpractice. Plaintiff's motion is granted in part, on consent, and denied as to the balance.

The action has its source in an automobile accident in which Matthew Nardella was killed. His wife Janet Nardella retained the defendants to prosecute a negligence action against four potential defendants for the wrongful death of Matthew Nardella and for the concomitant loss of services suffered by her. (Compl. ¶ 2) She charges that defendants accepted and investigated the case, but failed to institute suit before the statute of limitations expired. (Compl. ¶¶ 3–7)

Plaintiff seeks to amend her complaint in four respects. She wishes to add the individual attorneys George Nardella, Esq. and Roy Konray, Esq. and the law firm of Nardella & Nardella, as additional defendants. She also would add a second cause of action alleging breach of contract. Defendants do not oppose these amendments.[1] Plaintiff is accordingly granted leave to amend the complaint, adding those defendants and the cause of action alleging breach of contract.

Plaintiff also seeks to add two statutorily-based causes of action. The first is a claim under § 487 of the New York Judiciary Law, and the second is a claim under

---

1. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint at 2.

§ 349 of the New York General Business Law. Defendants oppose the addition of these statutory claims.

█ Leave of court is required for a party to amend his pleading when the adverse party has already served a responsive pleading and does not consent to the amendment. Fed.R.Civ.P. 15(a). That is the situation here. The rule provides that "leave shall be freely given when justice so requires," and the Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The Court went on in *Foman,* however, to note that "futility of amendment" is sufficient reason to deny a motion for leave to amend. *Id.* at 182, 83 S.Ct. at 230. It is well settled that it is not an abuse of discretion to deny leave to amend a complaint when the new claims could not withstand a motion to dismiss. *Freeman v. Marine Midland Bank—New York,* 494 F.2d 1334, 1338 (2d Cir.1973); *Wrenn v. New York City Health and Hospitals Corp.,* 104 F.R.D. 553, 557 (S.D.N.Y.1985). As one court has stated, "[t]he liberal amendment rules of Fed.R.Civ.P. 15(a) do not require that courts indulge in futile gestures." *DeLoach v. Woodley,* 405 F.2d 496, 497 (5th Cir.1968). Thus plaintiff may not be granted leave to amend if the statutory claims fail to state a cause of action.[2]

*Section 487 of the New York Judiciary Law*

█ In the proposed amended complaint, plaintiff alleges that defendants practiced "a deceit upon their former client, Janet Nardella," in that they "had themselves retained by plaintiff [and] they advised plaintiff, both expressly and impliedly, that they were legally competent to prosecute such a case when in fact they were not." (Proposed Amended Compl. ¶ 32)

The facts as alleged in plaintiff's proposed amended complaint fail to state a cause of action under § 487 of the New York Judiciary Law.[3] First, the statute has been held by the Second Circuit not to apply extraterritorially. *Schertenleib v. Traum,* 589 F.2d 1156, 1166 (2d Cir.1978). The proposed complaint alleges no conduct within the borders of New York State. Second, the statute applies only to attorneys who are guilty of deceit with intent to deceive "any party." For a civil action to lie for violation of § 487 the deceit complained of must occur during the pendency of a court action. *Singer v. Whitman & Ransom,* 83 A.D.2d 862, 442 N.Y.S.2d 26, 27 (1981). Here plaintiff's grievance is that no action was ever filed. For both reasons, plaintiff's proposed amended complaint fails to state a cause of action under § 487.

*Section 349 of the New York General Business Law*

█ In the proposed amended complaint, plaintiff alleges that "defendants engaged in deceptive acts and practices, illegal under New York General Business Law Section 349."[4] The charge is based upon de-

---

**2.** Since leave to amend must be denied if the proposed claim would not withstand a motion to dismiss, the standards applied under a Rule 12(b)(6) motion must be applied here. In deciding a motion to dismiss a court must assume the truth of the factual allegations contained in the complaint, and the motion must be denied unless no reasonable interpretation of the facts alleged can support the plaintiff's claim for relief. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Clay v. Martin,* 509 F.2d 109, 112 (2d Cir.1975); *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 72 F.R.D. 556, 558 (S.D.N.Y.1976).

**3.** Section 487 provides, in relevant part:
An attorney or counselor who:

**1.** Is guilty of any deceit or collusion, ... with intent to deceive the court or any party; ... [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

**4.** Section 349 provides, in relevant part:
Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.... [A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual dam-

fendants' failure to bring an action on behalf of Janet Nardella before the expiration of the period of limitations, and upon defendants' allegedly false assurances that "they were legally competent to prosecute Nardella's case when in fact they were not." (Proposed Amended Compl. ¶¶ 23, 32, 35) Plaintiff's allegations are not cognizable under § 349. On its face the statute proscribes "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state.*" (emphasis added) As previously stated, plaintiff makes no allegations of conduct by defendants within New York.[5]

Plaintiff has cited no case in which § 349 was applied to an attorney's handling of a case for an individual client, and the legislative history of § 349 argues against such an application. The intention of the New York Legislature "in enacting § 349 of the General Business Law was to follow in the steps of the Federal Trade Commission with respect to the interpretation of deceptive acts and practices outlawed in Section 5 of the Federal Trade Commission Act (15 U.S.C.A. § 45)." *People by Lefkowitz v. Colorado State Christian College,* 76 Misc.2d 50, 346 N.Y.S.2d 482, 487 (1973).

The Federal Trade Commission Act, 15 U.S.C. § 45, ("the Act") proscribes "[u]nfair methods of competition in commerce and unfair or deceptive acts or practices in commerce." The scope of the "deceptive acts" covered by the Act is defined in the Procedures and Rules of Practice for the Federal Trade Commission:

> The Commission acts only in the public interest and does not initiate investigation or take other action when the alleged violation of law is merely a matter of private controversy and does not tend adversely to affect the public.

16 C.F.R. § 2.3 (1973); *see also Federal Trade Commission v. Klesner,* 280 U.S. 19, 25, 50 S.Ct. 1, 3, 74 L.Ed. 138 (1929)

Thus, as Judge Weinfeld noted in *Genesco Entertainment v. Koch,* 593 F.Supp. 743, 752 (S.D.N.Y.1984), "[p]rivate transactions not of a recurring nature or without ramifications for the public at large are not a proper subject of" action under the Act or under § 349. In *Genesco* the court held that an action would not lie for an alleged breach of contract and fraud under § 349 where "[t]he only parties truly affected by the alleged misrepresentations in this case are the plaintiff and the defendants. 'A breach of private contract affecting no one but the parties to the contract, whether the breach be negligent or intentional, is not an act or practice affecting the public interest.'" *Id.* at 752 (quoting *Lightfoot v. MacDonald,* 86 Wash.2d 331, 544 P.2d 88, 90 (1976) (en banc)).

The misconduct alleged in the proposed amended complaint involves a private relation between Janet Nardella and defendants. No conduct occurred in New York State. The facts do not state a claim falling under the coverage of § 349.

That portion of plaintiff's motion for leave to amend the complaint by adding defendants and a cause of action for breach of contract is granted on consent. Because plaintiff's proposed amended complaint fails to state a cause of action under either § 487 of the New York Judiciary Law or § 349 of the New York General Business Law, that portion of plaintiff's motion for leave to amend the complaint to add claims based on those statutes is denied.

SO ORDERED.

---

ages or fifty dollars, whichever is greater, or both such actions.

5. *See, e.g., Platt Corp. v. Platt,* 17 N.Y.2d 234, 237, 270 N.Y.S.2d 408, 217 N.E.2d 134 (1966):
"The failure of a man to do anything at all when he is physically in one State is not an 'act' done or 'committed' in another State. His decision not to act and his not acting are both personal events occurring in the physical situs. That they may have consequences elsewhere does not alter their personal localization as acts."