Vincent A., Lupiano.., J.
Defendant,. iSv & C. Electric Co. moves to, vacate the -service- of a summons- on it,, and requests a reference respecting such, service,, a-t which testimony of its officers be submitted by interrogatories-. If is averred that it is: a, Delaware, corporationthat- it- does, not do business, in this. State; and that service- on one- Jane-’ Doprano- was improper *183 and not made pursuant to section 311 of the Civil Practice Law and Rules.
The affidavits submitted indicate that the movant sold to Westinghouse Electric Supply Corp. a piece of equipment on or about November 10, 1958, which was directed and shipped on May 15, 1959 to defendant Charles F. Zweifel & Co. Inc., Swissair Transport Co., Ltd. (also a defendant herein) New York International Airport, Idlewild, Queens, New York.
The plaintiff was injured on or about March 26, 1962, in or near Hangar No. 15, Idlewild, N. Y. He was a Port Authority electrical maintenance man. The hangar was leased to Swissair Transport Co., Ltd. It is claimed that the accident was due to faulty equipment manufactured by movant.
The court is of the opinion that on this submission jurisdiction of the movant can be acquired. pursuant- to ; section 302 (subd. [a], par. 2) of the Civil Practice Law and Rhles, i.e., where a nondomiciliary commits a tortious act within the State. This .statute is modeled after section 17 of the Illinois Civil Practice Act. The Illinois Supreme Court held in the case of Gray v. American Radiator & Standard Sanitary Corp. (22 111. 2d 432) that jurisdiction could be acquired on a factual situation comparable to the one here. In that case, a valve was manufactured in Ohio, sold and placed in a heater in Pennsylvania and then sold to a consumer in Illinois. Thereafter, the consumer was injured by the malfunctioning of the valve in Illinois and he was permitted to sue the manufacturer. The court stated at pages 435-436: “We think it clear that the alleged negligence in manufacturing the valve cannot be separated from the resulting injury; and that for present purposes, like those of liability and limitations, the tort was committed in Illinois.” Moreover, the court said that the use of the products in the ordinary course of commerce provided sufficient contact with that State to justify a requirement that he defend the action in Illinois. In conclusion, the statute was upheld, in those circumstances, as nonviolative of due process. Here defendants’ products are used and consumed in this State in sufficient quantity and this defendant knew that its product was being shipped to New York for use therein. However, the matter is referred to Hon. Seymour Bieber, Special Referee, to hear and report together with his recommendations, as to whether there was proper service pursuant to section 311 of the Civil Practice Law and Rules. Pending receipt of his report determination of this motion will be held in abeyance. Interrogatories and cross interrogatories may be settled for use on such hearing.