Lewis W. Ollifee, J.
In this negligence action, the defendant moves for an order pursuant to paragraph 8 of subdivision (a) of 3211 Civil Practice Law and Buies dismissing the complaint on the ground that the court lacks jurisdiction of the person of the defendant.
The issue accordingly presented to this court concerns itself with the construction of 302 Civil Practice Law and Buies providing for service of process on nonresidents.
302 Civil Practice Law and Buies, commonly known as a (1 single act statute” grants to a court personal jurisdiction over any nondomiciliary if such person ‘1 transacts any business within the state; or commits a tortious act within the state ”. (Emphasis supplied.)
The action is brought by the plaintiffs for injuries sustained by the infant plaintiff while using an extracting machine which it is claimed was defectively manufactured by the defendant. The machine is apparently standard equipment used by many public laundromats in the conduct of their business. Service of process was made upon the defendant in Ohio, the State of its origin, in accordance with 313 Civil Practice Law and Buies.
The basis of defendant’s claim for lack of jurisdiction flows from the following:
The defendant, a foreign corporation, is engaged in the business of manufacturing machinery used in connection with the laundry industry including extractors. It maintains its offices, manufacturing plant and principal place of business in the State of Ohio and is not licensed or qualified to do business in the State of New York, and does not own or operate any manufacturing plant, office, sales force or other facilities within the State of New York, and no record books or bank accounts of the defendant are maintained in any other State other than the State of Ohio. Orders for the products of the defendant are received at the offices of the defendant in Ohio subject to acceptance by the defendant, which are then shipped to the purchaser F. O. B. Toledo, Ohio, and title to the product passes to the purchaser at that time. Such orders are received from machine supply houses throughout the United States. *601 However, it is admitted by the defendant that various machine supply houses in the State of New York purchase its products and distribute them to their customers. It also appears, and it is uncontested, that the name of the defendant appears in various telephone directories in the State of New York.
Before passing upon the major issue raised by the defendant, the court will dispose of the technical objection that the section cannot be made applicable to foreign corporations as by its express language it must be construed to apply only to individuals. With this contention the court is not in accord. Weinstein, Korn and Miller in their treatise on this subject (vol. 1, 302.05) make the following observation: “It is clear beyond peradventure, that the intention was to have CPLB 302 apply to corporations. The use of the pronoun ‘ his ’ was designed to include all genders ’ \
The courts in Steele v. De Leeuw (40 Misc 2d 807); Crosney v. Hadley Corp. (N. Y. L. J., Jan. 24, 1964, p. 13, col. 6, Mullen, J.); Jump v. Duplex Fending Corp. (41 Misc 2d 950, Antuso, J.); Fornabaio v. Swissair Transp. Co. (42 Misc 2d 182, Lupiano, J.) have either determined that 302 is applicable to foreign corporations or have sustained the service of process upon them.
Section 302 has been modeled upon the Illinois Civil Practice Act (§ 17) and is designed to take advantage of the State’s constitutional power to subject nonresidents to personal jurisdiction when they commit acts within the State.
The power of a State to exercise personal jurisdiction over nondomiciliaries was great\ly extended by International Shoe Co. v. Washington (326 U. S. 310) and McGee v. International Life Ins. Co. (355 U. S. 220, 222).
Under the doctrine of the former, such jurisdiction is proper if the defendant has certain “minimum contacts” so that ‘ ‘ the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice.’ ” In the latter the court stated (p. 223): “It is sufficient for purposes of due process that the suit was based on a contract which had substantial connections with that state ”.
With the enactment of this statute New York has committed itself to a full exploitation of jurisdiction over nondomiciliaries. Prior to the enactment the State had legislated special statutes covering particular contacts, i.e., then nonresident motorist provision of section 253 of the Vehicle and Traffic Law, etc. Section 302 is not completely novel in its effect and application but rather a broadening of the scope of prior statutes.
*602 In Gray v. American Radiator & Std. Sanitary Corp. (22 111. 2d 432) the Supreme Court of the State of Illinois, in interpreting and clarifying the extent to which personal jurisdiction may be obtained over a nondomiciliary under its statute, sustained the service of process on a factual situation comparable to the one hjere. Though the wrong in that case did not originate in the conduct of a servant physically present in the State, but arose instead from acts performed at the place of the manufacture and only the consequences occurred in the State of Illinois, the court held, in effect, that committing a tortious act” was synonymous with the words committing a tort and that the place of the wrong was in the State where the last event necessary to make the actor liable for an alleged tort took place and that the alleged negligence in manufaeturing cannot be separated from the resulting injury. (Restatement, Conflict of Laws, § 377.)
The section’s commentary on the effect of an act perpetrated m one State and the consequences occurring in another State points out that each State under such circumstances may exercise legislative jurisdiction to create rights as a result thereof and that except in the case of harm from poison, “when a person sustains bodily harm, the place of the wrong is the place where the harmful force takes effect upon the body.” (See, also, Conklin v. Canadian-Colonial Airways, 266 N. Y. 244, 248.)
The court further stated as a basis for its retention of jurisdiction (pp. 441-442):
“ In the case atibar defendant does not claim that the present use of its. product in Illinois is an isolated instance. While the record does not disclose the volume of Titan’s business or the territory in which appliances incorporating its valves are marketed, it is a reasonable inference that its commercial transactions, like those of other manufacturers, result in substantial use and consumption in this State. To the extent that its business may be directly affected by transactions occurring here it enjoys benefits from the laws of this State, and it has undoubtedly benefited, to a degree, from the protection which our law has given to the marketing of hot water heaters containing its valves.. Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into this State.
*603 ‘1 With the increasing specialization of commercial activity and the growing interdependence of business enterprises it is seldom that a manufacturer deals directly with consumers in other States. The fact that the benefit he derives from its laws is an indirect one, however, does not make it any the less essential to the conduct of his business; and it is not unreasonable, where a cause of action arises from alleged defects in his product, to say that the use of such products in the ordinary course of commerce is sufficient contact with this State to justify a requirement that he defend here.
“As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products.” (Emphasis supplied.)
Here the defendant concedes that its products were manufactured not only for distribution throughout the Nation but also for use in the New York market. The defendant expected or should reasonably have expected that its product would be sold in New York. It was engaging in a persistent course of conduct and deriving substantial revenue from goods used or consumed in this State. It is not a situation where the use of the product is an isolated instance or where the product was not consigned for New York consumption but was passing through the State when the act was culminated as in Feathers v. McLucas (41 Misc 2d 498). (See Fornabaio v. Swissair Transp. Co., 42 Misc 2d 182, supra.)
It is interesting to note that prior to the ruling laid down in the Gray v. American Radiator & Std. Sanitary Corp. case (supra) the District Court in Hellriegel v. Sears Roebuck & Co. (157 F. Supp. 718) held invalid such process, in comparable facts, but after such determination by the Supreme Court of the State of Illinois, the same court in McMahon v. Boeing Airplane Co. (199 F. Supp. 908) followed the construction accorded by the Supreme Court of Illinois.
Under all the circumstances, the motion is denied.