Charles A. Loreto, J.
Third-party defendant Michigan Tool Company moves for dismissal of the third-party complaint and by separate motion for dismissal of the cross complaint of the third-party defendant Skidmore, 0wings & Merrill, both on the ground that the court does not have jurisdiction over its person. By further separate motion, the third-party defendant moves for dismissal of the supplemental complaint upon the same ground and upon the additional ground that it was not timely served (CPLR 1009). The main death actions result from the fall of an electrically operated window-washing scaffold, in the course of its use by the decedents, who were in the act of washing the windows of the third-party plaintiff’s building at 1285 Avenue of the Americas, New York City. The moving third-party defendant is connected with the occurrence by virtue of the fact that in 1960 at Detroit, Michigan, it sold a certain cone-drive speed reducer to a New Jersey corporation which thereafter used the speed reducer in the assembling of the scaffold sold by the New Jersey corporation to the third-party plaintiff.
It is contended that jurisdiction over the third-party defendant is obtained under CPLR 302 (subd. [a], pars. 1, 2). The third-party defendant urges that it does not do business here, that the sale of the speed reducer was not a local transaction, and no toritious act was committed here. It is not contended that the defendant conducts business here but it is insisted that the cause of action arises out of business done here and a tort committed here.
It is not disputed that defendant’s speed reducers as a component part of a scaffold have been sold and used in several buildings in New York City. Indeed, it would seem to be wholly unnecessary to advert to the fact that the fabricator of the component part expects precisely that its purchaser, regardless where situated, would incorporate the unit into a scaffold, and that New York City property owners and users will constitute a prime source of trade and use.
There is no essential distinction to be found in the asserted expectation that if faulty assembly of the speed reducer will on failure cause a disfunction in the scaffold, of which it is a part, with consequent accident and injury, such consequence will occur wherever the scaffold may come to rest, and the legal result should be the same whether viewed from the standpoint of the *852 place where the faulty assembly of the speed reducer occurred or the place where the defective speed reducer caused the fall of the scaffold. The projected trade and custom arises and the accident occurs, as here, in the same place, and no sound ground appears to warrant any distinction in the application to the facts of CPLB 302 (subd. [a], pars. 1, 2).
Both points were considered in Gray v. American Radiator & Std. Sanitary Corp. (22 Ill. 2d 432) in construing the essentially similar Illinois statute (111. Civ. Prac. Act, § 17). With respect to a cause arising out of the transaction of any business in the State, the court there stated (p. 442):
‘ ‘ Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that * * * someone other than the defendant shipped the product into this State.
“ * * * it is seldom that a manufacturer deals directly with consumers in other States. The fact that the benefit he derives from its laws is an indirect one, however, does not make it any the less essential to the conduct of his business; and it is not unreasonable, where a cause of action arises from alleged defects in his product, to say that the use of such products in the ordinary course of commerce is sufficient contact with this State to justify a requirement that he defend here.”
With respect to causes arising out of the commission of a tortious act in the State, the court stated (p. 435): “ The wrong in the case at bar did not originate in the conduct of a servant physically present here, but arose instead from acts performed at the place of manufacture. Only the consequences occurred in Illinois.” The tort was committed in Illinois.
With respect to the commission of a tortious act as ground for jurisdiction, the third-party defendant relies on Feathers v. McLucas (41 Misc 2d 498, 502). There, Mr. Justice Booksteih held: “ The court is of the opinion that the Legislature intended the words ‘ commits a tortious act within the state ’ to mean an act done within the State by a defendant who was personally, or through an agent, present here.”
Mr. Justice Ltjpiafto reached the opposite view in Fornabaio v. Swissair Transp. Co. (42 Misc 2d 182) following the determination in the Gray case (supra); so, also, had Mr. Justice Oliffe in Lewin v. Bock Laundry Mach. Co. (42 Misc 2d 599). Alleging negligence in manufacture, he declared, cannot be separated from resulting injury, particularly where products are produced for Nationwide distribution and particularly in the New York market.
*853 The objection raised on all three applications to the jurisdiction over the person of the moving third-party defendant is overruled. It would be futile to sustain the objection with respect to the untimeliness of the service of the supplemental complaint pursuant to CPLR 1009. The motions are in all respects denied.