Louis B. Heller, J.
In this negligence action plaintiff moves for judgment dismissing seven affirmative defenses on the ground that defenses are not stated therein (CPLR 3211, subd. [b]).
The action is brought by a resident of this State to recover for damages resulting from injuries sustained in this State on June 29,1959 while plaintiff, in the pursuance of his occupation, was unloading bales of paper from a trailer which had been allegedly carelessly loaded with bales of paper improperly tied and baled. The defendant Newton Paper Co., hereinafter referred to as Newton, allegedly a wholly-owned subsidiary of the defendant Sonoco Products Co. (Inc.) hereinafter referred to as Sonoco, are both foreign corporations. The paper had been sold by Newton, whose place of business was in Massachusetts, to a New York customer.
The defendants plead the Statute of Limitations as a bar. It has been the long-standing rule that a foreign corporation which was not amenable to the service of process in our State courts was unable to avail itself of pleading the limitations statute as a defense (Olcott v. Tioga R. R. Co., 20 N. Y. 210; Topp v. Casco Prods. Corp., 13 A D 2d 811, affd. 10 N Y 2d 833).
It is now specifically provided by statute (CPLR 207, subd. 3) that the Statute of Limitations is not tolled in situations where jurisdiction over the person of the defendant corporation can be obtained without personal delivery of the summons to it within the State. By further enactment (CPLR 302) the basis for personal jurisdiction against nondomiciliaries has been considerably broadened. Under CPLR 302 (subd. [a], par. 2), the commission of a tortious act within the State, giving rise thereby to a cause of action is sufficient ground for the conferral of personal jurisdiction over the defendant nondomiciliary (Lewin v. Bock Laundry Mach. Co., 42 Misc 2d 599; Fornabaio v. Swissair Transp. Co., 42 Misc 2d 182). Though the basic acts of negligence took place outside the forum and the injury occurred here, the fact that such an injury was reasonably foreseeable is sufficient to satisfy the basic requirement of due process (Feathers v. McLucas, 21 A D 2d 558),
Under the broadened provisions of CPLR 302 the court may also exercise personal jurisdiction over the nondomiciliary who “ transacts any business ” here as respects a cause of action arising therefrom (CPLR 302, subd. [a], par. 1). Newton’s activity here, i.e., the delivery of merchandise by carrier, may *136 be construed at the very least as constituting the transaction of business in furtherance of its contract of sale of the merchandise (see Iroquois Gas Corp. v. Collins, 42 Misc 2d 632, 635). That the terms of sale provided that the goods were sold f. o. b. mill at Holyoke, Massachusetts does not alter the nature of Newton’s transaction. That term of sale “ is significant in sales law for determining the risk of loss in transit and the like.” (Singer v. Walker, 21 A D 2d 285, 289.)
Nor is the jurisdictional basis for the present action adversely affected by the fact that the cause of action arose prior to the statutory enlargement of the grounds for the conferral of personal jurisdiction over nondomiciliaries. (CPLR 302 was adopted Sept. 1, 1963.) In the absence of legislative intent to the contrary, there is a presumption that the new forms of remedy contained in 302 are ‘‘ ‘ applicable to proceedings thereafter instituted for the redress of wrongs already done.”’ (Simonson v. International Bank, 14 N Y 2d 281, 289.) Accordingly, the action having been commenced within three years (CPLR 214) from the time the defendant nondomiciliary became amenable to personal jurisdiction in this State, the New York Statute of Limitations is no defense to the action. Neither is the Massachusetts Statute of Limitations a defense as the law of the forum applies in this action instituted by a resident of this State for injuries occurring in this State (see 2 Carmody-Wait, New York Practice, p. 188).
Newton’s alleged defense that it was dissolved in 1960 (and therefore not subject to suit after 1963 under the laws of Massachusetts, the State of incorporation) has not been substantiated. In the face of plaintiff’s uncontradicted documentary evidence, the court must find that Newton was dissolved by decree in Massachusetts on June 14,1961 and that the instant action which was instituted against Newton on May 27, 1964 was brought within the time of Newton’s corporate existence which was extended for a period of three years following dissolution for purposes of prosecuting and defending suits (Ann. Laws of Mass., ch. 155, § 51).
Defendant Newton has failed to substantiate its asserted defense that the amended complaint fails to state a cause of action against it.
Whether or not Sonoco is legally responsible as the dominating corporation for the acts of Newton as its subsidiary (see Berkey v. Third Ave. Ry. Co., 244 N. Y. 84; see, also, Taca Int. Airlines, S. A. v. Rolls-Royce of England, 21 A D 2d 73, mot. for lv. to app. to Court of Appeals granted 21 A D 2d 755) cannot be determined upon the papers before the court. There *137 foro, the court denies the motion to dismiss the “ sixth ” affirmative defense (failure to state a cause of action against Sonoco) without prejudice to a renewal upon presentation of more substantial proof that the asserted defense is not a valid one. Though it is the plaintiff’s burden under the amended complaint to prove Sonoco’s legal responsibility for Newton’s alleged tortious act, the court will allow the affirmative defense to stand since no prejudice to the plaintiff has been shown (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 3018.14).
The holding in the prior action brought for the same cause, that Newton was a foreign corporation not doing business in this State and not subject to the jurisdiction of this court (Ellis v. Newton Paper Co., 16 A D 2d 811), was determined under the old statute before the basis for obtaining jurisdiction over nondomiciliaries was enlarged by CPLR 302. That decision is not a bar to obtaining jurisdiction under the expanded portions of 302, namely, where the cause of action arose from the commission of a tortious act in this State or from the transaction of any business within the State (Singer v. Walker, 21 A D 2d 285, 287, supra), lies judicata is therefore invalid as a defense to the present action.
For the reasons expressed herein the motion for judgment dismissing the affirmative defenses designated ‘ ‘ First ’ ’, “Second”, “Third”, “Fourth”, “Fifth” and “Seventh” is granted, and as to the “Sixth” defense the motion is denied without prejudice.