Robert O. Brink, J.
This is a motion pursuant to CPLR 3211 (subd. [a], par. 8) in which the defendants have moved for a judgment dismissing the complaint upon the ground that this court does not have jurisdiction over the person of the defendants.
The motion was argued at Special Term, and thereafter, on December 8, 1964 a hearing was held pursuant to CPLR 3211 (subd. [c]) in accordance with this court’s request, at which time testimony was taken from Irving N. Loomis, one of the defendants, and Warren S. Schroeder, the plaintiff.
The case involves actions for breach of warranty and negligence. It was commenced by service of a summons and com *185 plaint upon the defendants in the State of Pennsylvania. The defendants argue that such service in Pennsylvania was insufficient to confer jurisdiction over them.
This motion involves the construction of CPLB 302 entitled “Personal jurisdiction by acts of non-domicilaries ’ ’. It was designed to ‘ ‘ exploit the fullest jurisdictional potential permissible under federal constitutional restraints.” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, Practice Commentary by Joseph M. McLaughlin.)
The pertinent provisions of that section state:
“ (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
‘ ‘ 1. transacts any business within the state; or
“ 2. commits a tortious act within the state ”.
This statute was drafted to take advantage of the £ ‘ minimum contacts ” theory set forth in the United States Supreme Court’s decision of International Shoe Co. v. Washington (326 U. S. 310 [1945]). The criterion for obtaining jurisdiction without violating due process was “ in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘ traditional notions of fair play and substantial justice ’ ” (p. 316).
In construing 302, the court must keep itself within the confines of the above guideline.
The plaintiff argues that 302 is applicable since the defendants, according to paragraph 1 of subdivision (a) transacted business within the State.
According to the affidavits on the motion and the testimony before the court, it appears that in the Pall of 1961, the plaintiff contacted Mr. Warren Quick, an office manager of defendants’ firm, in Pennsylvania, by telephone. He asked Mr. Quick “ for a price on 48 inch reinforced concrete pipe that was going to take 35 feet of fill over it ”. Mr. Quick gave him a price. He was told that the defendants did not deliver pipe to New York. The plaintiff made arrangements with Bob Bussell from H. J. Bussell to pick up the pipe at defendants’ plant in Montrose, Pa. Bach time the plaintiff’s agent picked up pipe at the plant, he was given an invoice for the gonds which were subsequently paid for by checks from Vestal, N. Y.
*186 Mr. Loomis testified on the hearing that he recalled the conversation that the plaintiff had with Quick, now deceased. There had been an argument over the price. Mr. Loomis testified that he did not know, personally, where the call came from or where the order was to go.
In order for this case to come within the area of CPLR 302 (subd. [a], par. 1), the particular transaction of business within the State must have resulted in the cause of action. In other words, any unrelated business in New York would not furnish sufficient grounds to hold the defendants liable for these particular causes under 302.
There are insufficient contacts in New York to confer jurisdiction under 302 (subd. [a], par. 1). “ Whether the type of activity conducted within the State is adequate to satisfy the requirement depends upon the facts in the particular case. (Perkins v. Benguet Consolidated Mining Co., 342 U. S. 437, 445, 96 L. Ed. 485, 492.) The question cannot be answered by applying a mechanical formula or rule of thumb but by ascertaining what is fair and reasonable in the circumstances. In the application of this flexible test the relevant inquiry is whether defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum. [Citing cases.] ” (Cray v. American Radiator & Std. Sanitary Corp., 22 Ill. 2d 432, 440.)
Applying the criterion of the Gray case (involving the construction of a similar statute in Illinois) the facts before this court do not justify a holding that the minimum contacts have been established. The contract of sale was made in Pennsylvania. (Greenberg v. R. S. P. Realty Corp., 22 A D 2d 690 [2d Dept., 1964] and authority therein cited.) The delivery was made in Pennsylvania. The invoices were delivered to the plaintiff’s agent in Pennsylvania. There are not sufficient facts before this court indicating that the plaintiff transacted any business in New York. On facts which were even more favorable to plaintiff’s position, the Appellate Division reversed the New York Supreme Court and held that the defendant did not have the minimum contacts in New York required for acquisition of jurisdiction over it in personam. (Greenberg v. R. S. P. Realty Corp., supra.)
In Muraco v. Ferentino (42 Misc 2d 104, 108 [Supreme Ct., Onondaga County, 1964] the court stated: ‘ ‘ The use of the words ‘ any business ’ connotes some consistent contacts or organized functions with or within the State. ’ ’
The court held that there were insufficient contacts.
*187 For a similar result, see Perlmutter v. Standard Roofing & Tinsmith Supply Co. (43 Misc 2d 885 [Supreme Ct., Sullivan County, 1964] and cases cited therein p. 888).
The plaintiff also argues that CPLR 302 (subd. [a], par. 2) applies by reason of a tortious act having been committed within the State.
The pipes, which are the subject of this action, were allegedly manufactured in the State of Pennsylvania. The alleged injury resulted in New York. Assuming (without so finding), that the concept of injury is an inseparable part of the phrase, tortious act (Gray v. American Radiator & Std. Sanitary Corp., supra), and that therefore, a tortious act, within the meaning of 302, did occur in New York, the question to be determined is whether this act standing alone, would exceed the limits of due process, if jurisdiction is upheld.
In cases in which the act resulting in injury arose in another State and the injury occurred in the State asserting jurisdiction, the courts have been reluctant to hold that the “ minimum contacts ” necessary to satisfy due process requirements have been met. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.10, n. 68.) Something more is needed. In Fornabaio v. Swissair Transp. Go. (42 Misc 2d 182, 183 [Supreme Ct., Bronx County, 1964]) the court held that since “ defendants’ products are used and consumed in this State in sufficient quantity and this defendant knew that its product was being shipped to New York for use therein ”, due process was satisfied where the injury alone had occurred in New York. In Lewin v. Bock Laundry Mach. Co. (42 Misc 2d 599, 603 [Supreme Ct., Kings County, 1964]) the court, in upholding the service of process said: “ Here the defendant concedes that its products were manufactured not only for distribution throughout the Nation but also for use in the New York market. The defendant expected or should reasonably have expected that its product would be sold in New York.” (See, also, Johnson v. Equitable Life Assur. Soc., 43 Misc 2d 850, affd. 22 A D 2d 138 [1st Dept., 1964].)
In short, the courts construing CPLR 302 (subd. [a], par. 2) to date, have found that something more than “ injury ” alone, is necessary to satisfy due process.
This has been recognized in the Uniform Interstate and International Procedure Act, approved in 1962, which requires, in addition to “ injury ”, that the tort-feasor “ regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or *188 consumed or services rendered, in this state”. (9B Uniform Laws Ann., § 1.03, subd. [a], par. [4].) This additional requirement satisfies the criterion of the Gray case, that a defendant “ invoked the benefits and protections of the law of the forum ”.
In analyzing the plus factor needed to fulfill due process requirements, it is necessary to consider the nature of the defendants’ business. Where the business is national or even regional in scope, it is more reasonable to assert jurisdiction even though the business is not actually “ present ” or “ doing business ” in the State, since benefit to the business is derived from the use of its product within the State. “ Thus, it would seem unreasonable to force the local dealer to be prepared to defend suits on a nationwide scale, while the manufacturer which depends upon a national market for its business can be so prepared.” (73 Har. L. Rev. 909, 929-930.)
In the instant case, the defendants have a small plant and business at which concrete pipe is manufactured in Montrose, Pennsylvania: The record discloses that it is the sole plant of defendants. They have never had another plant in New York State or elsewhere. Defendants have no office in New York either now or in the past. There is no sales force or salesmen that solicit orders in New York State. There are no physical facilities of any kind within this State, nor have there been in the past. Defendants have never had bank accounts here. They have engaged in no advertising in New York, nor have they mailed catalogues soliciting business in this State. There is no telephone listing in New York. They deliver no products outside of the State of Pennsylvania. They purchase none of the materials which make up their product in New York. With reference to this particular cause of action, the entire business transaction had its center of gravity in Pennsylvania.
The business, although not far from New York State, is not national in scope and the reasoning applied to such cases is not applicable in the instant case.
In brief, there is no additional “plus-factor” which, when added to the injury, could be said to fulfill the “minimum contacts ” requirement of the United States Supreme Court.
Further as the Appellate Division indicated in Singer v. Walker (21 A D 2d 285, 292 [1st. Dept., 1964]): “ Due process considerations would undoubtedly be more restrictive if there were involved simply a dispute of commercial dimensions between parties to a commercial contract.”
Here, the product cannot be characterized as dangerous to life and limb. The only injury allegedly resulting was the replacement cost of the pipe, and the excavating and refilling. *189 This dispute can he characterized as one involving ‘6 commercial dimensions between parties.” The requirements of due process may be more stringently applied than where danger to the life and property of New York State residents are involved.
Thus, there is not that degree of involvement in the State of New York which would satisfy this court in asserting its jurisdiction over defendants. The defendants, in the wording of the Gray case (22 Ill. 2d 432, 440, supra) have not “ engaged in some act or conduct by which [they] may be said to have invoked the benefits and protections of the law of the forum.”
The fact that Montrose, Pennsylvania, is not far from New York State does not benefit the plaintiff. As the majority opinion stated in Hanson v. Denckla (357 U. S. 235, 251): “ Those restrictions [on the personal jurisdiction of State courts] are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the ‘ minimal contacts ’ with that State that are a prerequisite to its exercise of power over him.”
In view of the court’s determination, it is unnecessary to consider the other points of law raised in counsels ’ briefs. The motion to dismiss is granted.