Robert O. Brink, J.
This is a motion pursuant to CPLR 3211 (subd. [a], par. 8), in which defendant Sam Mulkey Company has moved for a judgment dismissing the complaint on the ground that this court does not have jurisdiction over the person of the defendant.
Plaintiff asserts that jurisdiction was attained by service upon the defendant in Missouri, based upon CPLR 302 (subd. [a], pars. 1, 2), i.e., plaintiff maintains defendant Sam Mulkey Company both transacted business in New York and committed a tortious act hero.
The case involves an accident which occurred on November 7, 1963, near the Town of Hamden, N. Y., when a hay elevator, manufactured in Missouri by the defendant, toppled over, and inflicted serious injuries upon the plaintiff. The elevator in question was purchased from Walton Farm Supply, a New York retailer, who in turn, purchased it from J. L. Woodhouse, Inc., a New York wholesaler. It is plaintiff’s contention that J. L. Woodhouse has been distributing these elevators throughout New York State for over a period of 10 years and that the negligent construction of the said elevator caused the accident.
Defendant does not deny this distribution. In essence, an affidavit submitted by defendant’s general manager admits that Sam Mulkey Company has sold hay machines to J. L. Wood-house. Nevertheless, defendant maintains that because it is incorporated in Missouri; has never been authorized to do business in New York; has no agents of any kind, representatives, offices or telephone listing in New York; that because all sales are made at the offices of the company in Kansas City, Missouri, and all shipments are made from there, Sam Mulkey Company never transacted any business in New York. The question, therefore, is whether or not a nondomiciliary, solely by allowing a wholesaler in New York to purchase substantial quantities of its product for distribution throughout New York, “ transacts any business ” In New York, as intended by CPLR 302 *863 (subd. [a], par. 1), or committed a tortious act as intended by CPLR 302 (subd. [a], par. 2) in New York State.
Two issues may be disposed of at the outset. The first is the defendant’s contention that this section may not be applied retroactively. The Court of Appeals has consistently affirmed its retroactive effect on these facts. (Gutfreund v. Russ, 16 N Y 2d 637 [1965]; American Cyanamid Co. v. Rosenblatt, 16 N Y 2d 621 [1965]; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443 [1965]; Simonson v. International Bank, 14 N Y 2d 281, 290 [1964].)
Secondly, plaintiff’s contention that defendant committed a tortious act in New York is unsupported by the facts. Under the standard set down by the Court of Appeals, mere occurrence of the injury in New York State cannot constitute a tortious act here where in fact the alleged negligent acts of defendant, i.e., in the manufacture of this elevator, took place outside of New York. (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, supra, pp. 461, 464; contrast Gray v. American Radiator & Std. Sanitary Corp., 22 Ill. 2d 432 [1961]; O’Brien v. Comstock Foods, 123 Vt. 461 [1963].)
Finally, the issue as to whether or not defendant transacted any business in New York, presents a closer question. In adopting a “transacting business ” test, the Legislature sought to discard the former “rigid” standard of “doing business” in favor of a more flexible one. What is required now is simply that a person engage in some purposeful activity in this State. (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, supra, pp. 452, 457, 466, 467.) See, also, Banco Espanol de Credito v. Du Pont, 24 A D 2d 445; Mediclean Corp. v. Mediclean, Inc., N. Y. L. J., July 9, 1965, p. 9, col. 3; McKinney’s Cons. Laws of N. Y., Book 7 B, CPLR 302, Supplementary Practice Commentary by McLaughlin, 1965 Pocket Parts, p. 47; 7 B. Coll. Ind. & Com. L. Rev. 135,148 [1965] (“ somewhere in the limbo between no activity at all and * * * doing business ” p. 146). Introducing substantial quantities of a product and deriving substantial profits therefrom is a strong indication of purposeful activity. (See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, supra, pp. 457, 466. See, also, O’Brien v. Comstock Foods, supra; Uniform Interstate & International Procedure Act, § 1.03, subd. [a] (see comments to subd. [4]); 64 Col. L. Rev. 1356 [1964]; 39 St. John’s L. Rev. 416 [1965].) Furthermore, the fact that all sales are meticulously made by a manufacturer outside of New York, e.g., shipping the products f.o.b. point of shipment, will not effect an avoidance of jurisdiction. (See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, supra, p. 465.) *864 As Professor McLaughlin stated in his commentary (p. 48): “ the studied efforts of nonresidents to remain physically out of New York may be brought to nought where the end result of their out-of-state activity is a consciously sought performance in New York ” (emphasis added).
Nevertheless it now becomes apparent that plaintiff’s allegations fail in that they do not establish that defendant purposely came into New York. Defendant manufacturer must consciously, intentionally, have sought to enter the stream of commerce in New York. Plaintiff has proved no more than that defendant sold hay machines to a New York resident at its plant in Missouri. This one factor alleged and proved by defendant is insufficient to constitute the required purposeful activity. There is no showing that defendant ever sent any representatives or agents into New York; that it ever did any advertising in New York; that it ever solicited business here. However, plaintiff has alleged in his complaint that defendant in effect appointed J. L. Woodhouse an exclusive agent in New York, but has not produced in opposition to this motion any affidavit to support this allegation.
The proof now before this court is insufficient to support jurisdiction. However, the plaintiff should not be precluded from proving jurisdiction if such proof is available. (See Agrashell, Inc. v. Sirotta Co., 344 F. 2d 583 [C. A. 2d, 1965]; Gelfand v. Tanner Motor Tours, 339 F. 2d 317 [C. A. 2d, 1964].)
Defendant’s motion to dismiss the complaint should be granted, unless plaintiff, within 30 days from the service of the order herein, submit affidavits showing sufficient facts to justify a hearing at which all parties would have an opportunity to submit testimony bearing on the question of jurisdiction. (See CPLR 3211, subd. [c]; Schroeder v. Loomis, 46 Misc 2d 184 [1965].)