James H. O’Connor, J.
Defendant, Lessin & Liberty moves to dismiss the complaint in the above-entitled matter pursuant to CPLR, 3211 (subd. [a], par. 8) and CPLR 301 upon the ground that the court does not have jurisdiction over the person of the defendant, Lessin & Liberty for the reason that said defendant, Lessin & Liberty is not and was not doing business in the State of New York nor was it transacting any business in the State of New York at the time of the service of the summons and complaint. The plaintiff moves for an order amending the summons and complaint by striking therefrom the names of Lessin & Liberty as a party defendant and inserting in place thereof the name of Lessin-Liberty Paper Box Co. The plaintiff further seeks an order to take the oral deposition on one John Lessin, an officer of Lessin-Liberty Paper Box Co.
The summons and complaint was personally served in thfe State of Connecticut on an officer of the defendant, Lessin & Liberty, and presumably pursuant to CPLR 313.
*480 The cause of action is based on an alleged breach of contract in which it is claimed that defendant, Lessin & Liberty, purchased certain goods from the Mutual Board and Packaging Corp., the bankrupt plaintiff herein for the sum of $2,507.50. The invoices from Mutual Board and Packaging Corp. indicate that the goods were sold to defendant, American Box Board Co., and shipped to defendant, Lessin & Liberty. The defendant, Lessin & Liberty claims in its moving papers that the invoices demonstrate that it was not a party to the contract which forms the basis of the within cause of action, although it admits that the goods described in the complaint were delivered to it in Connecticut. The defendant, Lessin & Liberty, denies entering into any contract with the bankrupt plaintiff or that it was a principal of defendant, American Box Board Co. It claims further that the items purchased were purchased from defendant, American Box Board Co., and not from the bankrupt plaintiff. In addition, in support of its claim of lack of jurisdiction, the defendant, Lessin & Liberty, alleges that it does not transact or conduct any business in the State of New York, that all of its customers are located in the State of Connecticut with the exception of a single buyer of card boxes located in White Plains, New York, which customer orders by mail and telephone; that it is not licensed to do business in the State of New York; that it has no employees in the State of New York and owns no property in the State of New York. It admits that on some occasions, some of its employees do travel to New York to talk to its New York customer or to deliver boxes as ordered. It does not go unnoticed by this court that the quantity of goods sold to the New York customer is substantial and approximates some $180,000 of sales per year.
The bankrupt plaintiff submits an affidavit of an officer of the defendant, American Box Board Co., wherein it is alleged that said corporation on numerous occasions placed orders with the bankrupt plaintiff on behalf of the defendant, Lessin & Liberty, because of the fact that it had a good working relationship with the bankrupt plaintiff and that this was done as a convenience for the defendant, Lessin & Liberty. The affidavit further states that whenever sales were made between the bankrupt plaintiff and the defendant, Lessin & Liberty, the invoices showed a direct transaction without any reference to the defendant, American Box Board Co. Unexplainedly, this affidavit alleges that the order for the goods involved in the instant action was placed directly with the bankrupt plaintiff at its Long Island City, New York office. The affidavit claims that the invoices are incorrect and should show a direct purchase from *481 the bankrupt plaintiff to the defendant, Lessin & Liberty. In addition, it is claimed that when the transaction in question became known, the defendant, American Box Board Co., contacted the bankrupt plaintiff to indicate that a mistake must have occurred and that it did not purchase or otherwise effectuate the transaction encompassed in said invoices.
The bankrupt plaintiff further submitted an affidavit of its attorney which states simply that the defendant, Lessin & Liberty, had placed an order for the goods in question in the State of New York; that the contract for the purchase of goods was consummated in New York since the offer to sell was accepted here; that the defendant, Lessin & Liberty, had numerous employees in New York State and said employees made many deliveries of goods in this State and used the highways of the State of New York for the shipment of goods; that the defendant, Lessin & Liberty, sold approximately $250,000 which constituted 90% of its output in the State of New York. Other allegations are made in the attorney’s affidavit which do not impress this court on the issue of jurisdiction. It should be noted that none of the allegations contained in the affidavits submitted on behalf of defendant, American Box Board Co., are substantiated by any documentary evidence or specifics relating to the business actually conducted in the State of New York by the defendant, Lessin & Liberty.
It is not completely clear to this court whether the assertion of jurisdiction over the defendant, Lessin & Liberty, is based on the traditional concept of “ doing business ” or whether the assertion of jurisdiction is based on the more liberal concept as contained in the New York State “ long arm statute ”, CPLR, 302 (subd. [a], par. 1). After examining the allegations contained in the opposing affidavits it is this court’s opinion that jurisdiction over the defendant, Lessin & Liberty, is not maintainable under either concept. The “ doing business ” test under CPLB 301 and formulated by judicial decision requires a finding that a foreign corporation has “presence” in this jurisdiction. (Simonson v. International Bank, 14 N Y 2d 281.)
While the Simonson case recognized that the landmark decisions of the Supreme Court of the United States relaxed the demands of due process for obtaining jurisdiction over a foreign defendant (International Shoe Co. v. Washington, 326 U. S. 310), nevertheless that decision indicated that it is the prerogative of the Legislature to formulate the manner in which the power conferred by the Supreme Court decisions should be exercised. The traditional “ doing business ” test has been continuously applied by the courts. Therefore in Miller v. Surf *482 Props. (4 N Y 2d 475) the Court of Appeals held that the solicitation of prospective customers for a hotel in Miami Beach, Florida and the forwarding of hotel reservations to Miami Beach did not constitute doing business , in the State of New York for purposes of predicating jurisdiction based on such activities. Furthermore the mere solicitation of business or the shipment of goods from without the State to designated buyers on contracts made outside the State is not sufficient to constitute “ doing business ”. (Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267, 269; Fremay v. Modern Plastics Corp., 15 A D 2d 235, 241.) The mere fact that officers of a foreign defendant reside in New York is of no particular moment. (Fremay v. Modern Plastic Corp., supra; see, also, Irgang v. Pelton & Crane Co., 42 Misc 2d 70, 72.) In the Irgang case the court adopted the generic rule which constitutes ‘ ‘ doing business ” by stating that the courts have not departed from the requirement that a showing be made that the foreign corporation transact business in this jurisdiction with a fair degree of permanency and continuity and not merely occasionally or casually.
Certainly the mere shipment of goods into the State of New York regardless of the amount thereof does not constitute doing-business in the State of New York. (Fremay v. Modern Plastic Corp, supra; Millner v. Noudar, Lda. 24 A D 2d 326; Kramer v. Vogl, 17 NY 2d 27.)
It has not been shown to this court that the defendant, Lessin & Liberty, engaged in any further activity within the State of New York except to sell and ship goods from outside the State to a New York buyer.
Under CPLR, 302 (subd. [a], par. 1) there has been a liberalization by the Legislature so that now a cause of action which arises from the transaction of any business within the State would subject the foreign defendant to jurisdiction. The cause of action in question here is a breach of contract which the defendant, Lessin & Liberty, denies was ever made in the State of New York and furthermore claims was never made with the bankrupt plaintiff as evidenced by the invoices which showed that .the goods were purchased by the codefendant, American Box Board Co. The phrase “transacts any business within the State ” does not mean that the mere execution of a contract in the State of New York is conclusive as to jurisdiction with no other contacts. (Longines-Wittnauer v. Barnes Reinecke, 15 N Y 2d 443, 457, n. 5.; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.06a., p. 3-39.5.) Furthermore even if the defend *483 ant, Lessin & Liberty, made the order in New York the goods were shipped to Connecticut. There was no proof on behalf of bankrupt plaintiff of any signed or executed contract in the State of New York nor any negotiations leading thereto. It is this court’s opinion that the mere existence of a contract, even if executed in New York, between the bankrupt plaintiff and the defendant, Lessin & Liberty, is not the transacting of business within the State of New York under CPLR 302 (subd. [a], par. 1).
This court cannot say that the defendant, Lessin & Liberty, is subject to the jurisdiction of this court under either the “ doing business ” concept which requires presence or the more liberalized concept as contained in our ‘‘ long arm statute. ’ ’ The only fact indicating contact within the State of New York is the existence of a substantial customer of the defendant, Lessin & Liberty, in New York State, and the shipment of goods from said defendant, Lessin & Liberty, to that customer based on the facts presently before this court. It is our opinion that the case of Kramer v. Vogl (supra) is controlling on the issue of the “ doing business ” concept under CPLR 301. There the court decided the clear issue of shipment of goods into the State by a nonresident who never comes into New York State but sells and sends goods into the State pursuant to an order sent from within the State. Certainly if the Court of Appeals held that such a situation does not constitute the transaction of any business within the State under the liberalized provisions of CPLR 302 (subd. [a], par. 1), then the mere shipment of goods would hardly constitute “ doing business ” under the traditional concept.
However, while the proof before this court is insufficient to support jurisdiction, the bankrupt plaintiff should not be precluded from proving jurisdiction if same is available. (Wilsey v. Gavett, 49 Misc 2d 861.)
Therefore, the defendant’s (Liberty & Lessin) motion to dismiss the complaint should be granted unless bankrupt plaintiff within 20 days from the service of an order herein, submit affidavits showing sufficient facts to justify a hearing at which all parties would have an opportunity to submit testimony bearing on the charge of jurisdiction (CPLR 3211 (subd. [c]); Schroeder v. Loomis, 46 Misc 2d 184; Wilsey v. Gavett, supra).