Leo Brown, J.
Plaintiff Livia Victorson, who was allegedly injured while operating an extractor manufactured by defendant Bock Laundry Machine Company (hereinafter referred to as Bock) and owned and maintained by defendant Stanley S. Kaplan, doing business as Progressive Coin Meter Co. (hereinafter referred to as Kaplan), pleads three causes of action based respectively upon negligence, breach of express and implied warranties and “strict liability in tort”. In his answer, defendant Kaplan pleads a cross claim for indemnification against defendant Bock, based upon negligence, breach of warranties and “ strict liability in tort ” and also demands that the relative responsibility of these two defendants be apportioned. By an order of this court entered on March 26, 1973, defendant Bock was granted partial summary judgment dismissing as legally insufficient plaintiff Livia Victorson’s third cause of action and so much of plaintiff Edward Victor-son’s fourth cause of action as sounds in “ strict liability in tort”, as well as dismissing as legally insufficient that portion of defendant Kaplan’s cross claim which is based upon “ strict liability in tort”. Defendant Bock was also granted partial summary judgment dismissing as time barred those portions of the Victorson and Kaplan claims which are based upon breach of warranties and apportionment of relative responsibility. Plaintiffs now move to reargue Bock’s original motion for summary judgment. Defendant Kaplan cross-moves for the same relief and defendant Bock cross-moves to dismiss plaintiffs ’ ‘ ‘ strict-liability-in-tort ’ ’ claims • as time barred, rather than as legally insufficient.
Leave to reargue is granted and upon reargument the court adheres to its original decision dismissing as time barred the claims of breach of warranties and apportionment of relative responsibility based upon breach of warranties. These claims were not asserted until 1970, that is, considerably longer than six years (CPLR 213, subd. 2) after the original sale of the subject extractor by defendant Bock in 1948. (See Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340.) There is no merit to plaintiffs’ contention that the Statute of Limitations was *431 tolled in this action, pursuant to CPLR. 207, until September 1, 1966, the effective date of the amendment to CPLR 302 covering* in personam jurisdiction over certain defendants who commit a tortious act without the State. Defendant Bock was subject to in personam jurisdiction of this State even prior to the amendment. In 1964 a judicial determination was made that Bock engaged in a persistent course of conduct and derived substantial revenue from goods used or consumed in this State (Lewin v. Bock Laundry Mach. Co., 42 Misc 2d 599, affd. 22 A D 2d 854, affd. 16 N Y 2d 1070) and this is .sufficient to constitute the transaction of business within this State pursuant to CPLR 302 (subd. [a], par. 1). (Singer v. Walker, 15 N Y 2d 443, cert. den. sub nom. Estwing Mfg. Co. v. Singer, 382 U. S. 905.) Nor may plaintiffs or defendant Kaplan avoid the bar of the Statute of Limitations against these claims by reason of their assertion that parts for the subject extractor were purchased within two years of the commencement of this action and the interposition of the Kaplan cross claim. Movants submit no proof that the replacement parts were manufactured by Bock or, even assuming the manufacture by Bock, that the parts were sold by Bock within six years prior to the commencement of this action.
This court’s original decision dismissing movants’ “ strict-liability-in-tort ” was based upon Mendel v. Pittsburgh Plate Glass Co. (25 N Y 2d 340, supra) wherein the Court of Appeals stated that New York recognizes, no such cause of action. However, in a case decided on May 3, 1973, the court held: “ We accordingly hold that, under a doctrine of strict products liability, the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used (whether by the person injured or damaged or by a third person) for the purpose and in the manner normally intended, (2) that if the person injured or damaged is himself the user of the product he would not by the exercise of reasonable care have both discovered the defect and perceived its danger, and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages.” (Codling v. Paglia, 32 N Y 2d 330, 342.)
Although the “ strict-liability-in-tort ” claims asserted by plaintiffs and defendant Kaplan do not contain all the elements enumerated by the 'Court of Appeals, the parties should be given an opportunity to replead their strict liability claims *432 in view of the public policy set forth in Codling of imposing the economic burden for defectively-designed products upon-the manufacturers thereof.
Unlike the cause of action for breach of warranty described in Mendel (supra), the gravamen of the cause of action established by the Court of Appeals in Codling is not the original sale by the manufacturer, but rather the subsequent injury caused by the product. Thus, a ‘ ‘ strict-liability-in-tort ’ ’ claim accrues at the time of1 injury and inasmuch as the claims herein were asserted within three years of injury (CPLR 214, subd. 5), they are not time barred. The Bock cross motion is denied.
In sum, the court holds that only the claims of plaintiffs and defendant Kaplan, which sound in breach of warranty or apportionment of relative responsibility based upon breach of warranty, are time barred and that plaintiffs and defendant Kaplan may, if they be so advised, serve amended pleadings alleging causes of action in “ strict-liability-in-tort ”.
The order to be entered hereon should provide that plaintiffs ’ amended complaint be served within 10 days after service of a copy of that order.