Ivanov v O'Connor (2024 NY Slip Op 51338(U))

[*1]

Ivanov v O'Connor

2024 NY Slip Op 51338(U)

Decided on September 27, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 27, 2024
Civil Court of the City of New York, New York County

Ivanov; STOEVA, Plaintiff(s),

against
O'Connor, Defendant(s).

Index No. SC-001649-22/NY

McDermott Will & Emery LLP (M. Elias Berman, of counsel), of New York, NY, for Plaintiff
Joseph A. Altman, P.C. (Joseph Altman, of counsel), of Fleetwood, NY, for defendant

Wendy Changyong Li, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of Motion Seq. No. 003 to dismiss; Motion Seq. No. 004 to amend the answer; and Motion Seq. No. 005 to dismiss, which are consolidated for decision:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Memoranda of Law
Other — Papers filed in Motion Seq. Nos. 004-005 4-5
Upon the foregoing cited papers and for the reasons set forth below, Defendant's motion to dismiss this action is denied, and Plaintiff's motion to amend their complaint is granted.[FN1]

As a threshold issue, dispositive pre-trial motions are typically disfavored in the Small Claims Part. "[C]ourts have noted that one of the hallmarks of the New York small claims procedure is the absence of legal niceties of procedure" (Fishman v. Allstate Ins. Co., Index No. SC-300-21/BX, 2022 NY Misc. LEXIS 6855, *1 [Civ. Ct., Bronx Co. Jul. 8, 2022]). "Ordinarily, the informality and convenience of small claims practice is necessarily frustrated by requiring . . . formal motion practice under the CPLR prior to the hearing" and "substantial justice will best be rendered by a prompt trial, where defendant can assert its substantive arguments for dismissal" (Benlevi v. Rukaj, 2024 NY Slip Op 24156, *1 [Civ. Ct., New York Co. May 21, 2024]). However, "the court should entertain motion practice if it presents a clear issue of law" (Loakman v. Transport Workers Union of Greater NY, AFL-CIO, Local 100, 11 Misc 3d [*2]936, 938 [Civ. Ct., New York Co. 2006]). Defendant's motion to dismiss for lack of jurisdiction is such a motion that may be considered, but, on its merits, should be denied. Defendant challenged both the Court's subject matter and personal jurisdiction in this action, which the Court addresses in turn.
As to subject matter jurisdiction, Defendant asserted that the Court lacked jurisdiction over this action pursuant to Civil Court Act § 1801 because Defendant resided in Canada (Reply Aff., ¶ 5). Plaintiff asserted, and Defendant admitted, that Defendant maintained a virtual office in New York County, which Plaintiff claimed to be sufficient to establish subject matter jurisdiction. This Court agrees.
Pursuant to Civil Court Act §1801 in relevant part, the Court may only exercise jurisdiction over a defendant that "either resides, or has an office for the transaction of business or a regular employment within the city of New York" (Civil Court Act 1801). Courts in New York have the longstanding precedent that "New York has committed itself to a full exploitation of jurisdiction," in taking an expansive view of jurisdiction consistent with New York's role as a center of commerce. (Lewin v. Bock Laundry Machine Co., 42 Misc 2d 599, 601 [Sup. Ct., Kings Co.], affd., 22 AD2d 854 [2d Det. 1964], affd., 16 NY2d 1070 [1965]; See also, In re New York City Mayor's Office of Special Enforcement, Inv. No. 2019-02510, 2019 NY Misc. LEXIS 6040, *4 [Sup. Ct., New York Co. Nov. 13, 2019].) New York's small and commercial claims provisions specifically differentiate between a principal office and simply an office of a business sufficient for small claims jurisdiction (See, Civil Court Act 1801-A[a]). The Appellate Division, First Department also holds that a virtual office is sufficient to establish minimum contacts under International Shoe analysis (See, Lawati v. Montague Morgan Slade Ltd., 102 AD3d 427, 429 [1st Dept. 2013]). Defendant has availed itself of New York in a manner to establish jurisdiction in New York.
To the extent that Defendant's motion sought relief from appearing in New York as an inconvenient forum, the result would not change. "Before a court will disturb a plaintiff's choice of forum, a demonstration must be made that forum selected is inappropriate" (Koons v Koons, 161 Misc 2d 842, 848 [Sup. Ct., New York Co. 1994], citing, Banco Ambrosiano v. Artoc Bank & Trust, 62 NY2d 65 [1984]). While both sides may have resided in Canada, they have chosen to govern their contractual relationship by New York law, and the restricted nature of discovery in small claims actions and availability of virtual or hybrid appearances mitigate the burdens of litigation-related travel. Indeed, the only readily perceivable prejudice would be for Plaintiff to collect a cross-border judgment and its attendant burdens in time and resource, which Plaintiff implicitly waived by commencing this action in New York. Defendant's motion seeking relief from New York as an inconvenient forum is thus denied.
Accordingly, it is:
ORDERED that Defendant's motions (motion seq. #003 and motion seq. #005) to dismiss are DENIED, without prejudice to Defendants asserting any valid defense at trial; and it is further
ORDERED that Plaintiff' motion to amend the complaint (motion seq. #4) in this small claims action is GRANTED; and it is further
ORDERED that Plaintiff shall file their amended complaint with the clerk of the Court and serve upon Defendant and any additional defendants via overnight express mail on or before October 15, 2024; and it is further
ORDERED that this action is adjourned as previously scheduled for trial on November [*3]1, 2024, at 9:30 a.m.
This constitutes the Decision and Order of the Court.
Date: September 27, 2024
New York, NY
Hon. Wendy Changyong Li, J.C.C.

Footnotes

Footnote 1:While Defendant has two motions to dismiss calendared and before the Court, they are in reality one motion that has been calendared twice in apparent error.